## DOORNBOS v. NORDMAN

1. Judgment—Summary Judgment—Evidence.

   Summary judgment shall be rendered if a party, once challenged as to the existence of facts upon which he purports to build his case, does not come forward with at least some evidentiary proof, some statement of specific fact upon which to base his case (GCR 1963, 117.3).

2. Judgment — Summary Judgment — Proofs — Pleadings — Evidence.

   When proofs of a fact in issue are presented for summary judgment, the opposite party cannot rely solely on a general unsworn denial in a pleading or an answer which neither admits nor denies, but must either offer contrary proofs or affidavits of its own or contest the adequacy of the moving party's proofs or affidavits by his own proofs (GCR 1963, 117.3).

3. Property—Title—Judgment—Summary Judgment—Evidence.

   A title insurance commitment was sufficient proof of the plaintiffs' title for the purpose of summary judgment where the defendants made no attempt to deny its sufficiency (GCR 1963, 117.3).

4. Appeal and Error—Property—Deeds.

   The defendants cannot on appeal urge unmerchantable title, failure of one grantor to give a warranty deed, or absence of revenue stamps where the defendants failed to oppose the plaintiffs' contentions and proofs concerning these issues in the trial court.

---

References for Points in Headnotes

[1, 2] 5 Am Jur 2d, Appeal and Error § 853.
[1–3] 41 Am Jur, Pleading § 340 et seq.
[4] 5 Am Jur 2d, Appeal and Error § 572.
[5, 6] 5 Am Jur 2d, Appeal and Error § 545 et seq.

5. APPEAL AND ERROR—SUMMARY JUDGMENT—SCOPE OF REVIEW.

An appellate court should not review objections going to the question of compliance with a summary judgment where the objecting party not only failed to raise the objections in the trial court but also failed to attend, or to participate in, in any manner, or to request an adjournment of the hearing, though properly notified of such proceedings (GCR 1963, 117.3).

6. APPEAL AND ERROR—SUMMARY JUDGMENT—SCOPE OF REVIEW.

Objections going to the question of compliance with a summary judgment should have first been made in the trial court, not in the appellate court.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 June 4, 1970, at Grand Rapids. (Docket No. 8,674.) Decided August 26, 1970.

Complaint by Henrietta Kramer Doornbos, Nellie Kramer Harrington, Old Kent Bank and Trust Company, Executor of the estate of Peter Kramer, deceased, and Henrietta J. Kramer, against Amos Nordman and Elsie Nordman for specific performance of a land contract. Summary judgment for plaintiffs. Defendants appeal. Affirmed.

*Varnum, Riddering, Wierengo & Christenson* (*Carl R. Fleetwood,* of counsel), for plaintiffs.

*Thomas J. Whinery,* for defendants.

Before: T. M. BURNS, P. J., and FITZGERALD and BYRNS,* JJ.

BYRNS, J. Plaintiffs-appellees, as sellers, filed a complaint for specific performance of a land con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tract against defendants-appellants, as buyers, on April 28, 1969. The contract called for $3,870 payable $40 down and $40 or more a month with interest computed at 6% per month. The defendants occupied the premises for eight years prior to this action.

Defendants-appellants admitted in their unsworn answer to the complaint that they defaulted under the contract and, in an unspecific manner, alleged that they had no knowledge of whether plaintiffs owned the property in fee simple on the date the contract was executed; alleged a lack of knowledge concerning plaintiffs' ability and willingness to perform the contract; and, finally, alleged, as an affirmative defense, that the contract had been rescinded by an abandonment of the contract. This affirmative defense was, itself, abandoned by the defendants and, therefore, does not have to be considered or reviewed in this appeal.

Plaintiffs filed a motion for summary judgment on the grounds that the defendants' answer stated no valid defense to the claim and that there was no material issue of fact in the case. A title insurance commitment issued by the Transamerica Title Insurance Company for the subject premises in the amount of the contract price was submitted along with plaintiffs' motion, not as what the plaintiffs would on payment of the land contract balance deliver as proof of transfer of good title to the defendants (this would have to be done in the manner required by the land contract), but as proof of the plaintiffs' marketable title to the fee simple on the day that the land contract was executed and at the time of the motion.

GCR 1963, 117.3, speaks of affidavits as well as "other proof" (not further defined) which can be used to support a motion for summary judgment.

In *Durant* v. *Stahlin* (1965), 375 Mich 628, 640, we find:

"Once a party is challenged as to the existence of the facts upon which he purports to build his case, the sum and substance of the summary judgment proceedings is that general allegations and notice pleading are not enough. Matters upon information and belief and alleged common knowledge are not enough. That party must come forward with at least some evidentiary proof, some statement of specific fact upon which to base his case. If he fails, the motion for summary judgment is properly granted. In the language of GCR 1963, 117.3,

"'*Judgment shall be rendered forthwith if the pleadings show that any party is entitled to judgment as a matter of law or if the affidavits or the other proof show that there is no genuine issue of fact.*'" (Emphasis supplied.)

See also, *Dionne* v. *Pierson Contracting Company* (1965), 2 Mich App 134; *Green* v. *Lundquist Agency, Inc.* (1966), 2 Mich App 488; *Beck* v. *Delta Recreation Corporation* (1966), 2 Mich App 518.

When proofs of a fact in issue are presented for summary judgment, the opposite party cannot rely solely on a general unsworn denial in a pleading or an answer which neither admits nor denies. Such opposite party must either offer contrary proofs or affidavits of its own, or contest the adequacy of the moving party's proofs or affidavits by its own proofs. At the summary judgment hearing before the trial court the defendants did not deny the adequacy of the title insurance policy to show the plaintiffs' title to the property. The defendants made no attempt in the trial court to deny that the title insurance policy was, for the purposes of summary judgment, sufficient proof of title in the plaintiffs.

The trial court must decide motions for summary judgment by the proofs offered it by both sides. To permit the defendants to go to trial without answering the motion for summary judgment on the merits, without filing opposing proofs, would in effect, eliminate the procedure.

By their actions or inaction, the defendants failed to oppose plaintiffs' contentions and proofs at the trial court and cannot now on appeal urge unmerchantable title nor failure of one grantor to give a warranty deed, nor the absence of revenue stamps, which latter two matters really go to the question of the plaintiffs' compliance with the trial court's summary judgment. The only point defendants presented in opposition to the motion for summary judgment was their affirmative defense which they have dropped in this appeal.

The defendants-appellants in this appeal, apparently as an argument that the summary judgment should not have been granted, allege certain objections which really do not go to the issue of whether or not summary judgment should have been granted, but whether plaintiffs have complied with the requirements the trial court set for the plaintiffs in the summary judgment for specific performance.

These objections need not be considered by this Court which is faced really only with the issue whether the court below, on the basis of the matters before it, was correct in granting summary judgment.

Furthermore, this Court should not review objections really going to the question of compliance with the summary judgment by the plaintiffs where the defendants-appellants not only failed to raise the objections in the court below, but also failed to attend or to participate in, in any manner, or to request an adjournment of the hearing, though

properly notified of such proceedings. If the defendants have such objections to the conveyances made by the plaintiffs as a result of the summary judgment, they should have been made in the trial court, not in this Court.

Judgment affirmed. Costs to the appellees.

All concurred.