HAMMOND *v.* WEISS

JUDGMENT—ACCELERATED JUDGMENT—GROUNDS—SPECULATIVE DAMAGES.
    An accelerated judgment cannot be granted on the ground that damages cannot be determined with accuracy because that is not a ground for accelerated judgment (GCR 1963, 116.1).

Appeal from Genesee, John W. Baker, J. Submitted Division 2 February 2, 1971, at Lansing. (Docket No. 9416.) Decided March 26, 1971.

REFERENCE FOR POINTS IN HEADNOTE
46 Am Jur 2d, Judgments § 1098 *et seq.*

Complaint by Melzor Hammond against Arthur Weiss and John D. Damm for malpractice. Accelerated judgment for defendants. Plaintiff appeals. Reversed.

*Charfoos & Charfoos,* for plaintiff.

*Walker, Troester & Picard,* for defendant Weiss.

*Winegarden & Crawford,* for defendant Damm.

Before: Quinn, P. J., and McGregor and O'Hara,* JJ.

O'Hara, J. This appeal, taken of right, presents a limited legal issue.[1] The question is whether the trial judge properly granted a motion for accelerated judgment in a suit against defendant attorneys for alleged legal malpractice. The grounds for granting accelerated judgment are:

"(1) the court lacks jurisdiction of the person or property,

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] This litigation had a somewhat erratic course in the court below. The complaint charged defendant attorneys with breach of contract and malpractice in failing to initiate and prosecute a cause of action against a doctor for negligently treating plaintiff in this case during his minority (age 8). The claim was asserted at that time against the treating doctor, the hospital, and several medical technicians. A compromise settlement was offered and accepted by the minor's guardian and approved by formal order of the probate court entered after a hearing at which extensive testimony was taken. The theory in reasserting the claim, despite the approved settlement, seems to have been that a fraud was perpetrated on the court to which in some manner the defendant doctor was a party. When the defendant attorneys did not institute the action, plaintiff's present counsel did. Thereafter, the action was dismissed on motion of this plaintiff (now having attained majority). We were unable to determine what relevance all this had to the only question before us, whether the complaint in this case was subject to dismissal on any one of the grounds specified in the rule.

"(2) the court lacks jurisdiction of the subject matter,

"(3) the party asserting the claim lacks legal capacity to sue,

"(4) another action is pending between the same parties involving the same claim,

"(5) the claim is barred because of release, payment, prior judgment, statute of limitations, statute of frauds, infancy, or other disability of the moving party, or assignment or other disposition of the claim before commencement of the action." (GCR 1963, 116.1)

The trial judge granted judgment on the following grounds:

"The basic reason for this opinion (*sic* "order") is that damages, if any, in this action cannot be determined with accuracy at this time."

The grounds relied upon will not support the order. The asserted grounds might have supported the grant of a motion to continue the case, but not for accelerated judgment.

The order of the trial court is vacated. Plaintiff may tax costs.

All concurred.