HURON SCHOOL DISTRICT v HURON TOWNSHIP

1. JUDGMENT—SUMMARY JUDGMENT—RECORD ON APPEAL.

A summary judgment will be reversed where no record is made of the hearing on the motion for the judgment and the order granting the relief merely recites that the prevailing party is entitled to judgment as a matter of law (GCR 1963, 117).

2. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT—CONTENTS.

A summary judgment will be reversed where the supporting affidavit does not show that the affiant could competently testify regarding the determinative issue on appeal.

3. JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT—CONTENTS.

A summary judgment for plaintiff school district was improper where the supporting affidavit failed to show that plaintiff's attorney, the affiant, could competently testify regarding the determinative issue, *i.e.,* whether a sanitary sewer debt service charge imposed upon plaintiff by defendant township was an invalid tax or sustainable as a valid service charge.

Appeal from Wayne, Neal Fitzgerald, J. Submitted Division 1 June 12, 1972, at Detroit. (Docket No. 12658.) Decided August 30, 1972. Leave to appeal denied, 388 Mich 789.

Complaint by Huron School District against Huron Township and township officers to have a debt service charge for sanitary sewers declared invalid, to enjoin collection of the charge, and for other relief. Summary judgment for plaintiff. Defendant township appeals. Reversed and remanded with instructions.

*Wilson & Wilson,* for plaintiff.

*Berry, Hopson, Francis & Mack,* for defendant.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] No references.

Before: V. J. BRENNAN, P. J., and QUINN and
O'HARA,* JJ.

O'HARA, J. Defendant Township of Huron ap-
peals as of right from the summary judgment
entered in favor of plaintiff.

Such facts as appear from the somewhat sketchy
record indicate that in August of 1968 the State
Water Resources Commission obtained a court
order directing defendant to abate its unlawful
pollution of the Huron River by constructing the
required sanitary sewers and treatment facilities.
Pursuant to MCLA 123.731 *et seq.;* MSA 5.570(1)
*et seq.,* defendant township contracted with Wayne
County for construction of the sewage facilities;
bonds were issued by the county; and defendant, to
fulfill its contractual obligations, enacted township
ordinance No. 68-2. Of the various rates, charges
and inspection fees imposed by ordinance, we are
concerned solely with the "debt service charge".
The "debt service charge" was comprised of an
"interceptor charge" and a "lateral charge". The
total of all costs and charges payable by plaintiff
amounted to $66,590.

Plaintiff filed a complaint challenging the "debt
service charge" assessed against it by defendant
and alleging that the "interceptor charge" and the
"lateral charge" were, in reality, taxes and not
mere user fees.

Plaintiff subsequently filed a motion for sum-
mary judgment under GCR 1963, 117, alleging
that defendant had failed to state a valid defense
to plaintiff's claim (GCR 1963, 117.2[2]) and argu-
ing that no material issue as to any material fact

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

existed under GCR 1963, 117.2(3) because *inter alia:* plaintiff was exempt from taxation as a matter of law and that plaintiff was exempt from special assessments in the absence of prior agreement.

The motion was orally argued before the learned trial judge who entered an order granting plaintiff's motion for summary judgment.[1] This appeal of right followed. Examination of the record discloses at least two grounds for reversing the judgment entered below. We discuss the errors *seriatim.*

While the learned trial judge may have completely understood the issues on the basis of counsel's arguments, we are limited to what affirmatively appears of record. There was no record made of what occurred at the hearing on plaintiff's motion for summary judgment and the order granting this relief merely recites that the prevailing party is entitled to judgment as a matter of law. We cannot act on the basis of such an incomplete record.

Now as to the second error, we set forth the affidavit submitted in support of plaintiff's motion for summary judgment:

*SUPPORTING AFFIDAVIT*

STATE OF MICHIGAN    }  SS
COUNTY OF WAYNE      }

On this *16th* day of August, A.D. 1971, before me, a notary public in and for said county and state, personally appeared KIRBY L. WILSON, III, who, being first duly sworn, deposes and says that he' has read the foregoing Motion by him subscribed and knows the

---

[1] We note a typographical error in the order inadvertently stating that *defendant* is entitled to judgment as a matter of law even though the relief granted and the briefs of the parties clearly indicate that *plaintiff* prevailed on the aforesaid motion.

contents thereof; that the same is true of his own knowledge except as to matter therein stated to be upon information and belief, and as to those matters, he believes them to be true.

*Mary Coman*

Notary Public, Wayne County, Michigan
My Commission Expires: 6-27-75

It hardly need be said that this affidavit does not indicate that plaintiff's attorney could competently testify as to the determinative issue on appeal: whether the charge imposed by defendant was an invalid tax or sustainable as a valid service charge. See GCR 1963, 117.3 and 116.4; *Durant v Stahlin,* 375 Mich 628 (1965); *Wiegand v Tringali,* 22 Mich App 230 (1970).

Reversed and remanded for proceedings not inconsistent herewith.

Defendant may tax costs on appeal.

All concurred.