## DeNIKE v OTSEGO COUNTY

1. MOTIONS—MOTION TO DISMISS—SUMMARY JUDGMENT.

   A defendant's pretrial motion to dismiss based upon the absence of any material question of fact or plaintiff's failure to state a claim upon which relief can be granted can be properly treated as a motion for summary judgment (GCR 1963, 117).

2. JUDGMENT—SUMMARY JUDGMENT—ISSUES OF FACT—CONTRACTS—EMPLOYMENT.

   The employment status of a plaintiff with respect to a defendant in litigation involving an employment contract between the parties generally raises a disputed question of fact and is therefore not properly disposed of by summary judgment (GCR 1963, 117.2[3]).

3. JUDGMENT—SUMMARY JUDGMENT—FAILURE TO STATE A CLAIM—BURDEN OF PROOF.

   It is error to place the burden of proof upon a plaintiff when considering a defendant's motion for summary judgment by reason of plaintiff's failure to state a claim upon which relief could be granted, since all well-pleaded material allegations must be taken as true and where at the time summary judgment was granted defendant had neither answered plaintiff's complaint nor submitted a supporting affidavit with his motion, the trial court improperly granted the motion (GCR 1963, 117.2[1]).

Appeal from Otsego, Dennis J. O'Keefe, J. Submitted Division 3 January 3, 1973, at Grand Rapids. (Docket No. 13678.) Decided March 28, 1973.

Complaint by Eugene DeNike against Otsego County to enjoin the defendant from terminating his employment. Defendant's motion to dismiss granted. Plaintiff appeals. Reversed and remanded.

REFERENCE FOR POINTS IN HEADNOTES

[1–3] No reference.

*Renne & Welter,* for plaintiff.

*William A. Porter,* Prosecuting Attorney, and *William F. Braeuninger,* Assistant Prosecuting Attorney, for defendant.

Before: HOLBROOK, P. J., and FITZGERALD and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. On January 1, 1970, plaintiff entered into two contracts with the County of Otsego concerning the operation and management of the Otsego County Airport. These contracts ran until December 21, 1971; but each contract provided for renewal by mutual consent of the parties.

On December 16, 1971, plaintiff, having learned that the County intended to terminate his employment, filed a complaint in circuit court praying for injunctive relief and requesting a hearing pursuant to the veteran's preference act, MCLA 35.402; MSA 4.1222. An *ex parte* injunction was issued on December 20, 1971, but it was thereafter dissolved without prejudice to either party on December 21, 1971. Plaintiff relinquished control of the airport under protest on January 1, 1972. Plaintiff also received a request to vacate the apartment on the airport grounds in which he resided pursuant to the management contract. On January 7, 1972, both parties entered into a stipulation that plaintiff would be afforded a hearing pursuant to the above cited veteran's preference act before a district court judge. The hearing was had on January 8, 1972, and the matter was adjourned until February 4, 1972.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On January 11, 1972, during the pendency of the district court hearing, defendant county filed a motion to dismiss the plaintiff's complaint with prejudice, alleging that: (1) the basis for plaintiff's complaint (the administrative hearing under the veteran's preference act) was moot because the hearing had been held; (2) the plaintiff was not an "employee" of defendant, but rather an "independent contractor"; and (3) the plaintiff was not an "employee" within the meaning of the act, since he was a "department head".

Over plaintiff's strenuous objection to the taking of testimony during the pendency of the district court's hearing, a hearing, lasting two days, was held in circuit court. After the hearing, the circuit court judge rendered an oral opinion whereby he granted the motion to dismiss, awarded plaintiff certain sums due him and ordered plaintiff to vacate the residence within 30 days. Judgment pursuant to this opinion was entered on February 22, 1972, and following the denial of a motion for a rehearing, this appeal followed.

Plaintiff raises four issues on appeal; but consideration of one of them is dispositive, namely: Did the trial court improperly place the burden of proof with respect to defendant's motion to dismiss upon plaintiff?

While defendant in its brief attempts to pass over this matter with the simple assertion that "the circuit court was well aware that the burden of proof rested on defendant", a reading of the circuit court's opinion militates in the opposite direction; the court stating:

"The burden of proof in this case is upon the plaintiff to show that he didn't violate the terms and conditions of this agreement and to prove also that he comes under the veterans preference act, and if he doesn't

meet the burden of proof then the only thing the court can do is to decide against him, * * * ."

Although defendant made a motion to dismiss, clearly the motion was one for summary judgment pursuant to GCR 1963, 117.[1] See *Professional Facilities Corp v Marks,* 373 Mich 673, 679 (1964). The crux of the issue raised in this litigation revolves around the question of the status of plaintiff's relationship to defendant ("employee" vis-a-vis "independent contractor" and/or "employee" vis-a-vis "department head"). Employment status generally raises a disputed question of fact and is not properly disposed of by summary judgment pursuant to GCR 1963, 117.2(3). See *Sliter v Cobb,* 388 Mich 202 (1972). If, on the other hand, the trial court treated the motion to dismiss as a motion for summary judgment by reason of plaintiff's failure to state a claim upon which relief could be granted pursuant to GCR 1963, 117.2(1), it was error to place the burden of proof upon plaintiff, since all well-pleaded material allegations must be taken as true. *Martin v Fowler,* 36 Mich App 725 (1971); *Brunn v Weiss,* 32 Mich App 428 (1971). In either event, summary judgment was not appropriate.

We would note that at the time summary judgment was granted defendant had not answered plaintiff's complaint. We would further note that

---

[1] Clearly this is not a motion to dismiss pursuant to GCR 1963, 504.2, as such a motion to dismiss is appropriate only at the close of plaintiff's proofs in a nonjury trial. Neither can this motion to dismiss be properly considered as a motion for accelerated judgment pursuant to GCR 1963, 116. GCR 1963, 116.1 sets forth the specific reasons for which accelerated judgment is proper. Clearly none of the enumerated reasons are applicable herein, and to grant accelerated judgment on any other grounds would be erroneous. *See Hammond v Weiss,* 31 Mich App 717 (1971). The motion to dismiss made herein is properly treated as a motion for summary judgment based upon the absence of any material question of fact or plaintiff's failure to state a claim upon which relief can be granted.

defendant's motion was not accompanied by a supporting affidavit. Under these circumstances, and particularly in light of the pending administrative hearing in the district court, we find that the circuit court improperly granted defendant's motion to dismiss.

The decision of the circuit court is reversed, the order dismissing plaintiff's suit is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. Costs to abide the final outcome.

All concurred.