SUN INSURANCE OFFICE, LIMITED v KELLER

JUDGMENT—SUMMARY JUDGMENT—AFFIDAVIT—COURT RULES.

> A plaintiff moving for summary judgment based on an absence of a genuine issue of any material fact must follow the affidavit requirements set up by court rule, and an affidavit filed in support of such a pleading and signed by plaintiff's attorney which does not state that the attorney could competently testify as to the determinative issues involved in the case does not meet those affidavit requirements (GCR 1963, 116.4, 117.2[3]).

Appeal from Wayne, Harry J. Dingeman, Jr., J. Submitted Division 1 April 10, 1973, at Detroit. (Docket No. 14862.) Decided April 26, 1973.

Complaint by Sun Insurance Office, Limited, against Nicholas Keller, Bernice Keller, John L. Sexton, and Loretta Sexton, for a declaratory judgment to ascertain plaintiff's duties and obligations under its insurance policy. Summary judgment for plaintiff. Defendants Nicholas Keller and Bernice Keller appeal. Reversed and remanded.

*Sullivan, Sullivan, Ranger & Ward,* for the plaintiff.

*Kelman, Loria, Downing & Schneider* (by *David J. Capriccioso),* for defendants Keller.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

No reference.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

PER CURIAM. Plaintiff filed this action for a declaratory judgment to ascertain its duties and obligations under an exclusionary clause in its insurance policy. The trial court held that, since the insured's acts were in fact intentional, the insurance company had no duty to defend him in a subsequent civil action, and granted the plaintiff's motion for summary judgment. The defendant moved to have that judgment set aside, and his motion was denied. He now appeals.

The plaintiff's attorney's affidavit which he had attached to his motion for summary judgment appears to be similar to the affidavit involved in *Huron School Dist v Huron Twp,* 42 Mich App 590, 592–593 (1972), *lv den,* 388 Mich 789 (1972). The affidavit reads as follows:

*"AFFIDAVIT OF EDWARD M. RANGER*

*"STATE OF MICHIGAN* ⎫ SS
"COUNTY OF WAYNE    ⎭

"EDWARD M. RANGER, being first duly sworn, deposes and says that he has read the contents of the attached Motion for Summary Judgment by him subscribed, and further states that the contents of the same is true.

"*Edward M. Ranger*

"EDWARD M. RANGER

"Subscribed and sworn to before me this *8th* day of October, 1971.

"*Karen S. Fitzgerald*

"Karen S. Fitzgerald
"Notary Public Oakland County, Mich.
Acting in Wayne County, Mich.
"My Commission Expires May 13, 1975"

While the plaintiff asserts that his motion was not based upon GCR 1963, 117.2(3), his motion in fact stated:

"That there is no genuine issue of any material fact as to the quality of the acts committed by the defendant, John L. Sexton."

In all reality, the plaintiff had in fact pled under GCR 117.2(3).

Since plaintiff pled under the above cited court rule, he was bound to follow the affidavit requirements of GCR 1963, 117.3 and 116.4. Just as in *Huron School District,* the above-quoted affidavit does not say that the plaintiff's attorney could competently testify as to the determinative issues involved in this case.

Reversed and remanded for further proceedings.