JONES v SHEK

1. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVIT—SUFFI-
CIENCY.

An affidavit supporting a motion for summary judgment is inade-
quate if it fails to show affirmatively that the affiant, if sworn
as a witness, can testify competently and from personal knowl-
edge to the facts set forth in the affidavit (GCR 1963, 116.4,
117.3).

2. JUDGMENT—SUMMARY JUDGMENT—SUPPORTING AFFIDAVIT—SUFFI-
CIENCY.

Granting a motion for summary judgment in favor of a defendant
was error where defense counsel, who signed the supporting
affidavit, could not have testified upon personal knowledge of
the facts contained in his affidavit, and no averment that he
could so testify was made in the affidavit, since it is clear that
the only support for defendant's motion for summary judgment
is hearsay evidence, insufficient to support such a motion (GCR
1963, 116.4, 117.3).

Appeal from Saginaw, Fred J. Borchard, J. Sub-
mitted Division 3 June 21, 1973, at Lansing.
(Docket No. 14743.) Decided July 25, 1973.

Complaint by Ruth Jones against John Shek for
damages for negligence. Summary judgment for
defendant. Plaintiff appeals. Reversed and re-
manded for new trial.

*van Benschoten & van Benschoten, P. C.,* for
plaintiff.

*Kitch & Suhrheinrich, P. C.* (by *Richard P. Shu-
maker),* for defendant.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] No references.

Before: T. M. BURNS, P. J., and McGREGOR and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. This is an action for damages resulting from the alleged professional negligence of the defendant, a licensed medical doctor. Plaintiff's complaint alleges that, while on duty as a nurse's aide at a general hospital, plaintiff discovered a patient, one Enriquez, in the act of assaulting another patient; that plaintiff attempted to aid the victimized patient and was then injured when Enriquez struck her. Plaintiff further alleges that Enriquez was the defendant's patient, and that defendant knew or should have known of the patient's violent traits or propensities, and that defendant was negligent in failing to order quieting medication, segregation, restraint, or attention in a ward or hospital environment consistent with his condition and for the protection of those patients near him.

Defendant's answer was a general denial, in which he alleged that his professional orders for the care of his patient were in strict accordance with standards of practice of the medical profession. Defendant further alleged that the plaintiff was contributorily negligent; that the complaint was improper, inadequate, insufficient, and defective on its face, that it pled only legal conclusions and failed to state a cause of action either as a matter of law or of fact.

Over a period of three years, these parties engaged in a series of tactical discovery maneuvers, each apparently attempting to thwart the efforts of the other through various means and each filing motions to compel or avoid discovery of the other. Both parties failed to comply with the discovery

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

procedures required by the general court rules. The trial court heard defendant's motion for summary judgment and granted the same, on the basis that plaintiff's answers to interrogatories indicated no factual basis for the complaint, and that plaintiff had failed to state a claim upon which relief could be granted.

From the summary judgment for defendant, plaintiff appeals and contends that the trial court erred in granting a summary judgment for the defendant for the reason that no genuine factual basis was shown to exist in support of the complaint, particularly because the affidavit in support of the motion for summary judgment did not aver that the affiant could testify from personal knowledge to the contents thereof.

A review of the record discloses that the affidavit in question, in support of defendant's motion for summary judgment, was signed by defense counsel and merely states conclusions of counsel and facts known to the affiant only upon information and belief. Such an affidavit is inadequate, as it failed to comply with the requirements that such affidavits must show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts set forth in the affidavit. GCR 1963, 117.3, 116.4.

Motions for summary judgment, each with an affidavit in support, were filed with defendant's answer on three occasions, over a period of three years. Each motion, each affidavit, and the answer to the original complaint are signed by defense counsel; no pleadings or affidavits in support of the motions were ever filed which were sworn to by any person with personal knowledge of the facts set forth therein.

Under GCR 1963, 117.3, when it has been estab-

lished that there is no genuine issue as to any material facts and the moving party is therefore entitled to a judgment as a matter of law, it is required that such motion shall be supported by affidavits in accordance with subrules 116.4, 116.5, and 116.6.

It is inconceivable that defense counsel could have testified upon personal knowledge of the facts contained in his affidavit; in fact, no averment that he could so testify was made in the affidavit. The motion for summary judgment, therefore, was never properly before the trial court. *Huron School Dist v Huron Twp,* 42 Mich App 590; 202 NW2d 491 (1972); GCR 117.3, 116.4; *DeNike v Otsego County,* 45 Mich App 711; 206 NW2d 786 (1973).

While an objection to a motion is not obligated to be supported by affidavits, it is equally true that the objector need not meet a legally insufficient motion and affidavit. *Hollerud v Malamis,* 20 Mich App 748; 174 NW2d 626 (1969). It is clear that the only support for defendant's motion for summary judgment is hearsay evidence, insufficient to support such a motion. *Gamet v Jenks,* 38 Mich App 719; 197 NW2d 160 (1972). See also *Dionne v Pierson Contracting Co,* 2 Mich App 134; 138 NW2d 555 (1965); *Green v Lundquist Agency, Inc,* 2 Mich App 488; 140 NW2d 575 (1966); *Beck v Delta Recreation Corp,* 2 Mich App 518; 140 NW2d 764 (1966); *Doornbos v Nordman,* 26 Mich App 278; 182 NW2d 362 (1970).

It was reversible error for the trial court to grant the motion for summary judgment in favor of defendant.

The further question is whether the trial court erred in granting a summary judgment for defendant, for the reason that the plaintiff stated a claim

so clearly unenforceable as a matter of law that no factual development could possibly justify a right to recovery. This question has not been considered and is not dealt with in this opinion for the reason that, if there is a deficiency in plaintiff's pleadings, such may be corrected on retrial.

Reversed and remanded for new trial. Costs to be held in abeyance until final disposition of this matter.

All concurred.