BROOKS v REED

Docket No. 78-3254. Submitted August 28, 1979, at Detroit.—Decided
   October 16, 1979. Leave to appeal applied for.

   John Brooks and his wife Beverly Brooks brought an action
   against William S. Reed and the Hertz Corporation alleging
   that Reed was operating a Hertz automobile in a negligent
   fashion when he collided with a vehicle driven by John Brooks
   and due to such negligence Brooks sustained injuries which
   resulted in a serious impairment of body function. Defendants
   filed a motion for summary judgment on the ground that
   plaintiffs failed to establish serious impairment. An affidavit of
   defendants' joint counsel averred that an examination of medi-
   cal records revealed that Brooks had only seen his doctor, a
   chiropractor, on four occasions immediately following the acci-
   dent and that he was able to carry out his normal functions
   without seeing any physicians thereafter. Plaintiffs filed an
   opposing affidavit of Dr. David Eisman, a chiropractic physi-
   cian, who described Brooks' injuries as causally related to the
   automobile collision and that in his opinion the injuries consti-
   tuted a serious impairment of body function. Wayne Circuit
   Court, Charles S. Farmer, J., granted summary judgment to
   defendants indicating that the facts plaintiffs relied upon to
   satisfy the no-fault act's threshold requirements were insuffi-
   cient as a matter of law. Plaintiffs appeal this ruling and
   further allege that the trial court erred because the affidavit in
   support of defendants' motion did not state that the affiant, if
   sworn as a witness, could testify competently to the facts
   contained therein. *Held:*

   1. There are cases in which a trial court can rule, as a matter
   of law, that a plaintiff's injury is so minor that it fails to reach
   the threshold of a serious impairment. The question of serious
   impairment is one of law where it can be said with certainty

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5, 11] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3, 12] Am Jur 2d New Topic Service, No Fault Insurance § 14.
[4] Am Jur 2d New Topic Service, No Fault Insurance § 1.
[6-9] 73 Am Jur 2d, Summary Judgment §§ 18, 22-25.
[10] [No Reference]

that no reasonable jury could view a plaintiff's impairment as serious. Nothing in the record discloses that John Brooks suffered any impairment which reasonable persons could view as serious. The degree of injury was insufficient to meet the minimum threshold requirement and the trial court's determination that the injuries claimed did not constitute serious impairment was without error.

2. Generally, affidavits in support of a motion for summary judgment must be based upon the personal knowledge of the affiant. It was impossible for defendants' joint counsel to have personal knowledge of Brooks' injuries because his injuries and treatment were within the personal knowledge of Brooks and Dr. Eisman, and it is unlikely that either of them would cooperate. A trial court has the authority to excuse a party from presenting material facts where such facts are known only to persons whose affidavits he cannot procure.

Affirmed.

N. J. KAUFMAN, J., dissented. He would reverse the trial court's grant of summary judgment. Dr. Eisman's affidavit indicated Brooks did suffer a serious impairment of body function and this created a genuine issue as to this material fact upon which the fact-finders could have gone either way. The question of serious impairment was one of fact, not of law.

OPINION OF THE COURT

1. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — GENUINE ISSUE OF MATERIAL FACT — STANDARD OF DETERMINATION — COURT RULES.

A motion for summary judgment on the ground that there is no genuine issue as to any material fact is designed to test whether there is factual support for a claim; the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it and before judgment may properly be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial (GCR 1963, 117.2[3]).

2. JUDGMENT — SUMMARY JUDGMENT — MOTIONS — GENUINE ISSUE OF MATERIAL FACT — JUDICIAL FACT FINDING.

A motion for summary judgment has the limited function of determining whether a material issue of fact exists where the motion is based on a claim that there is no genuine issue as to any material fact; the trial court must carefully avoid making a finding of fact under the guise of determining that no issue of material fact exists.

3. Insurance — No-Fault Insurance — Automobiles — Serious
    Body Impairment — Jury Question — Legal Question.
    The question of whether a particular impairment satisfies the
    threshold requirement of the automobile no-fault act for serious
    impairment of body function is not always a question for the
    trier of fact; a trial court can rule, as a matter of law in certain
    cases, that a plaintiff's injury is so minor that it fails to reach
    the threshold of a serious impairment; serious impairment is a
    question of law where it can be said with certainty that no
    reasonable jury could view a plaintiff's impairment as serious.

4. Insurance — No-Fault Insurance — Automobiles — Noneco-
    nomic Damages — Elimination of Lawsuits.
    The automobile no-fault insurance statute's elimination of tort
    liability for noneconomic damages is inherently directed toward
    a reduction in the number of litigated suits.

5. Judgment — Summary Judgment — Fact Issues — Right to
    Trial.
    Generally, courts are very liberal in finding that a genuine issue
    of fact does exist in order not to infringe on a party's right to
    trial.

6. Judgment — Summary Judgment — Motions — Genuine Issue
    of Material Fact — Affidavits — Personal Knowledge —
    Court Rules.
    A motion for summary judgment on the ground that there is no
    genuine issue as to any material fact must be supported by
    affidavits and these affidavits must be on personal knowledge
    and show affirmatively that the affiant, if sworn as a witness,
    can testify competently to the facts contained therein (GCR
    1963, 116.4, 117.2[3]).

7. Judgment — Summary Judgment — Motions — Affidavits —
    Personal Knowledge Requirement.
    Affidavits in support of a motion for summary judgment on the
    ground that there is no genuine issue as to any material fact
    must be based upon the personal knowledge of the affiant;
    therefore, affidavits that allegations are true to the best of the
    affiant's knowledge and belief are generally insufficient.

8. Judgment — Summary Judgment — Motions — Affidavits —
    Function of Affidavits — Evidentiary Proof.
    The function of an affidavit by a defendant, in support of a
    motion for summary judgment on the ground that there is no
    genuine issue as to any material fact, is to establish affirma-

tively that there is no basis in fact to support the plaintiff's claim; to that end, the defendant must come forward with some evidentiary proof—some statement of specific fact.

9. Judgment — Summary Judgment — Motions — Affidavits — Material Facts — Procurement.

A trial court has the authority to excuse a party from presenting material facts in support of a motion for summary judgment where he cannot present the material facts essential to justify his position because such facts are known only to persons whose affidavits he cannot procure (GCR 1963, 116.6).

Dissent by N. J. Kaufman, J.

10. Judgment — Summary Judgment — Motions — Summary Judgment Rule — Subrules — Rule Identification — Appeal and Error.

*Failure to indicate, either in a motion for summary judgment or in the judgment entered by the trial court, which subrule of the summary judgment rule was relied on is a practice that has been looked upon with disfavor by the Court of Appeals; unless the applicable subrule under which a party is proceeding is identified, the trial court's job of deciding the motion and the review on appeal become much more difficult.*

11. Judgment — Summary Judgment — Motions — Material Facts — Court Rules.

*Motions for summary judgment on the ground that there is no genuine issue as to any material fact should not be granted unless no genuine issue as to any material fact remains; in passing on the motion, benefit of every reasonable doubt must be given to the party opposing the motion (GCR 1963, 117.2[3]).*

12. Insurance — No-Fault Insurance — Automobiles — Serious Body Impairment — Jury Question — Legal Question.

*Generally, the question of serious impairment of body function under the automobile no-fault act is submitted to a jury; it is a question of law only where it could be said with certainty that no reasonable jury could view the plaintiff's impairment as serious; where an affidavit creates a genuine issue as to a material fact upon which fact-finders could have gone either way, the fact of serious impairment is for the jury.*

*Rader, Eisenberg & Feldman, P.C.,* for plaintiffs.

*Plunkett, Cooney, Rutt, Watters, Stanczyk &*

*Pedersen, P.C.* (by *James S. O'Leary* and *Christine D. Oldani),* for defendants.

Before: J. H. GILLIS, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

J. H. GILLIS, P.J. This is an automobile no-fault case. Plaintiffs appeal from a grant of summary judgment in favor of the defendants. The background facts are fully set forth in the dissenting opinion.

A motion for summary judgment which is based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Crowther v Ross Chemical & Manufacturing Co,* 42 Mich App 426; 202 NW2d 577 (1972).

When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence then available to it. *Rizzo v Kretschmer,* 389 Mich 363; 207 NW2d 316 (1973). Before the judgment may properly be granted, the court must be satisfied that it is impossible for the claim asserted to be supported by evidence at trial. The motion has the limited function of determining whether a material issue of fact exists. The trial court must carefully avoid making a finding of fact under the guise of determining that no issue of material fact exists. *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978).

The defendants contend that there was no issue as to a material fact since the injuries claimed did not constitute "serious impairment of body function" so as to meet the threshold tort requirements of the no-fault act. MCL 500.3135(1); MSA 24.13135(1).

The question of whether a particular impairment satisfies the threshold requirement of the no-

fault act for serious impairment of body function
is not always a question for the trier of fact. There
are cases in which the trial court can rule, as a
matter of law, that a plaintiff's injury is so minor
that it fails to reach the threshold of a serious
impairment. *Cassidy v McGovern,* 86 Mich App
321, 325-326; 272 NW2d 644 (1978), *Vitale v Dany-
lak,* 74 Mich App 615, 619; 254 NW2d 593 (1977),
*lv den* 403 Mich 848 (1978), *McKendrick v Pe-
trucci,* 71 Mich App 200; 247 NW2d 349 (1976).
The question of serious impairment is one of law
where it can be said with certainty that no reason-
able jury could view a plaintiff's impairment as
serious. Such question must be approached on a
case-by-case basis. *Harris v McVickers,* 88 Mich
App 508; 276 NW2d 629 (1979).

The no-fault statute's elimination of tort liability
for noneconomic damages, except where the enu-
merated conditions result, is inherently directed
toward a reduction in the number of litigated
suits. *Vitale, supra,* at 619. With this policy objec-
tive in mind, we must examine the facts with
respect to plaintiff's injuries in order to determine
whether a reasonable jury could view such injuries
as constituting a serious impairment of body func-
tion.

At the time of the accident, plaintiff told the
police that his arms and wrists had been injured.
Plaintiff declined to go to the hospital at that time.
Furthermore, plaintiff stated that he never visited
a hospital in connection with the injuries in ques-
tion. Approximately four weeks later, in Novem-
ber, 1973, the plaintiff visited and was treated by
Dr. David Eisman, a chiropractor. Plaintiff was
given a heat treatment and medication. He there-
after visited Dr. Eisman three times at intervals of
three to four weeks. Plaintiff did not visit Dr.

Eisman or any other doctor after January 16, 1974.

Although fully cognizant of the fact that courts are very liberal in finding that a genuine issue of fact does exist so as to preclude summary judgment in order not to infringe on a party's right to trial, *Bob v Holmes*, 78 Mich App 205; 259 NW2d 427 (1977), we find that nothing in the record discloses that the plaintiff suffered any impairment which reasonable persons could view as serious. The degree of injury in this case is insufficient to meet the minimum threshold requirement.

We arrive at this conclusion notwithstanding the affidavit of plaintiff's doctor which opined to the contrary. The affidavit is simply one piece of evidence which must be considered in determining whether a material issue of fact exists. *Rizzo v Kretschmer, supra.* We are disinclined to hold that a doctor's affidavit which opines that a plaintiff has suffered a serious impairment of body function creates a genuine issue of material fact, when an objective consideration of all the available evidence requires the opposite conclusion. The soundness of the doctor's opinion is always open to question.

The lower court's determination that there existed no issue as to a material fact since the injuries claimed did not constitute a serious impairment of body function was without error.

Plaintiffs' second claim of error represents a challenge to the affidavit defendants offered in support of their summary judgment motion.

Plaintiffs contend that the trial court erred in granting summary judgment in the defendants' favor because the affidavit in support of the motion did not aver that the affiant, if sworn as a

witness, could testify competently to the facts contained therein.

A review of the record discloses that the affidavit in question was signed by defense counsel and merely states that the contents of the motion and the brief in support thereof "are true and accurate to the best of the deponent's [sic] present information and knowledge". Furthermore, no pleadings were ever filed which were sworn to by any person with personal knowledge of the facts set forth therein.

At this point, it should be noted that the affidavit states it is made upon defense counsel's information and knowledge. The facts contained in the motion and the brief in support thereof relate to the extent of the medical treatment received by the plaintiff as a result of the accident. It is not contended that defense counsel could have testified upon personal knowledge of the facts contained, by reference, in his affidavit. In fact, no averment that he could so testify was made in the affidavit. There being an absence of personal knowledge on the part of the affiant, the affidavit is properly treated as one made upon information and belief.

A motion for summary judgment made pursuant to GCR 1963, 117.2(3) "shall be supported by affidavits". GCR 1963, 117.3. Such affidavits must be on "personal knowledge" and "show affirmatively that the affiant, if sworn as a witness, can testify competently to the facts contained therein". GCR 1963, 116.4. *Durant v Stahlin,* 375 Mich 628, 640; 135 NW2d 392 (1965), 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1978 Supp, pp 128-129.

Since the supporting affidavit must be based upon the personal knowledge of the affiant, affidavits that allegations are true to the best of the

affiant's knowledge and belief are generally insuffi-
cient. *Jones v Shek,* 48 Mich App 530, 532-533; 210
NW2d 808 (1973), *Sun Insurance Office, Limited v
Keller,* 46 Mich App 761; 208 NW2d 525 (1973),
*Huron School Dist v Huron Twp,* 42 Mich App
590, 592-593; 202 NW2d 491 (1972), *lv den* 388
Mich 789 (1972), 73 Am Jur 2d, Summary Judg-
ment, § 17, p 740. As a result of the insufficiency,
the above cited cases held that the motion for
summary judgment was never properly before the
trial court. The granting of the motion was
deemed reversible error.

The same result is not mandated here. In a
summary judgment proceeding, an affidavit is em-
ployed as a voluntary statement made *ex parte.* 3
Am Jur 2d, Affidavits, § 1, p 380. The function of
an affidavit by the defendant is to establish affir-
matively that there is no basis in fact to support
plaintiff's claim. To that end, the defendant must
come forward with some evidentiary proof—some
statement of specific fact. *Durant v Stahlin, supra,
Doornbos v Nordman,* 26 Mich App 278, 281; 182
NW2d 362 (1970). In the present case, the specific
evidential facts (see *Simerka v Pridemore,* 380
Mich 250, 275; 156 NW2d 509 [1968]) concerning
the nature of plaintiff's injuries and treatment
were within the personal knowledge of only the
plaintiff and Dr. Eisman. It is unlikely that either
of them would have provided the defendants with
a voluntary statement and affidavit.

Under such circumstance, the trial court has the
authority to excuse the defendant from presenting
the material facts in the affidavit. GCR 1963,
116.6. The affidavit is then supplemented by depo-
sitions or answers to interrogatories. Although the
lower court did not expressly rely on this court
rule in granting the defendants' motion, the avail-

ability of the rule as an exception to the affidavit requirements of GCR 1963, 116.4 prevents the insufficiency of the defendants' affidavit from rendering the grant of summary judgment reversibly erroneous.

Affirmed.

R. B. BURNS, J., concurred.

N. J. KAUFMAN, J. *(dissenting)*. Plaintiffs commenced this action against defendants under the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* The complaint alleged that defendant Reed was operating an automobile owned by defendant Hertz Corporation in a negligent fashion when he collided with a vehicle driven by plaintiff John Brooks. And, due to such negligence, plaintiff Brooks sustained injuries which resulted in a serious impairment of body function.

The defendants responded to plaintiffs' complaint through an answer and a motion for summary judgment. The defendants based this motion on the theory that, as a matter of law, plaintiffs did not establish a serious impairment of a body function and, therefore, their complaint should be dismissed, MCL 500.3135; MSA 24.13135. In support of this assertion, defendants presented an affidavit of their joint counsel, who averred that an examination of medical records revealed that plaintiff Brooks had only seen his doctor, a chiropractor, on four occasions immediately following the incident, and that he was able to carry out his normal functions without seeing any physicians thereafter.

The plaintiffs, in turn, filed an opposing affidavit of one Dr. David Eisman, a chiropractic physician. In this statement, Doctor Eisman described plaintiff's injuries in medical terms, indicated that

these injuries were causally related to the automobile collision, and averred that, in his opinion, the plaintiff's injuries constituted a serious impairment of body function.

The court granted defendants' summary judgment motion indicating that the facts plaintiffs relied upon to satisfy no-fault's threshold requirements were insufficient as a matter of law. The trial court based its decision solely on the pleadings and the aforementioned affidavits. Doctor Eisman was never deposed in this matter. Plaintiffs appeal as of right from this adverse determination.

At the outset, it must be noted that nowhere in the lower court record, either in the motion presented by defendants or the judgment entered by the court, is there any indication of which subrule of the summary judgment rule was being relied on. This is a practice that has been looked upon with disfavor by this Court in the past. See *Partrich v Muscat,* 84 Mich App 724; 270 NW2d 506 (1978). Unless the applicable subrule under which a party is proceeding is identified, the trial court's job of deciding the motion and the review on appeal become much more difficult. See, Bashara, *The Illusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397, 400.

Nevertheless, since the trial court used "factual sufficiency" terms in its decision and since this decision was rendered following consideration of affidavits and depositions, rather than upon the pleadings alone, I will review the matter under GCR 1963, 117.2(3). See *Rizzo v Kretschmer,* 389 Mich 363, 371; 207 NW2d 316 (1973).

Motions for summary judgment under GCR 1963, 117.2(3) are not proper unless no genuine issue as to any material fact remains. In passing on the motion, benefit of every reasonable doubt

must be given to the party opposing the motion. Summary judgment under this provision is designed to test whether factual support exists for the claim made. Affidavits, pleadings, depositions, admissions, and other documentary evidence must be considered by the court. Courts are liberal in finding that a genuine issue does exist, in order not to infringe upon a party's right to trial of disputed factual issues, *Rizzo, supra* at 370-374; *Sullivan v The Thomas Organization, PC,* 88 Mich App 77, 85-86; 276 NW2d 522 (1979).

In granting summary judgment to defendants then, the trial court ruled that plaintiffs alleged insufficient facts to satisfy the threshold requirement for serious impairment of a body function in MCL 500.3135(1); MSA 24.13135(1). In *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441, 477-478; 208 NW2d 469 (1973), the Supreme Court indicated that the question of serious impairment should in most instances be submitted to the jury as triers of fact. "Only when interpretation approaches or breaches permissible limits does it become a question of law for the court". Moreover, each case must be considered individually to reach this determination.

Permissible limits were found to have been approached in *Cassidy v McGovern,* 86 Mich App 321, 325-326; 272 NW2d 644 (1978), *Vitale v Danylak,* 74 Mich App 615, 619; 254 NW2d 593 (1977), *lv den* 403 Mich 848 (1978), and *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976). In *McKendrick, supra* at 212, the trial court's role was limited to those cases where it could be said with certainty that no reasonable jury could view the plaintiff's impairment as serious.

Applying this standard to the instant factual situation, I find it necessary to reverse the trial

court's determination. The affidavit of Dr. Eisman, which indicated plaintiff Brooks did suffer a serious impairment of body function, created a genuine issue as to this material fact upon which the fact-finders could have gone either way.

I would reverse and remand for proceedings in conformity with this opinion.