EARL v WHITE

Docket No. 83521. Submitted April 2, 1986, at Detroit. Decided June 9, 1986.

Plaintiff, Dorothy Earl, sustained injuries in an automobile accident. She filed an action in the Monroe Circuit Court against her husband, John H. Earl, the driver of the automobile in which she was a passenger, and Robert D. White, the driver of the automobile which struck the Earl automobile. Plaintiff's injuries consisted of a hematoma on her scalp, a soft-tissue contusion of the right ankle, and a contusion of the left knee. Treatment of plaintiff's ankle included the application of a short leg plaster splint for two weeks, followed by a short leg cast for an additional four weeks during which plaintiff had to use crutches while walking. Relying primarily on a deposition of plaintiff that was never filed with the court, defendant Earl moved for summary judgment contending that plaintiff had failed to demonstrate that her injuries met the threshold requirement of the no-fault act for serious impairment of body function. Defendant White later concurred in defendant Earl's motion. The trial court, James J. Kelley, J., granted defendants' motion. Plaintiff appealed.

The Court of Appeals *held*:

1. Affidavits in support of defendants' motion were not necessary in light of the fact that defendants conceded that there was no genuine issue of material fact as to the nature and extent of plaintiff's injuries, and that defendants' only disagreement was over whether the injuries amounted to a serious impairment of body function.

2. The trial court did not err in considering the unfiled

REFERENCES

Am Jur 2d, Appeal and Error § 545.

Am Jur 2d, Automobile Insurance § 349.

Am Jur 2d, Summary Judgment § 17.

What constitutes sufficiently serious personal injury, disability, impairment, or the like to justify recovery of damages outside of no-fault automobile insurance coverage. 33 ALR4th 767.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

See also the annotations in the Index to Annotations under Appeal and Error; Summary Judgment.

deposition of plaintiff upon which defendants relied in contending that plaintiff's injuries did not meet the threshold for serious impairment of body function. Plaintiff did not object to defendants' use of the unfiled deposition and has waived the issue on appeal by failing to object at the trial level and by failing to cite case law, statutes or policy considerations in support of her argument. Even if the Court of Appeals were to rule that plaintiff did not waive the issue, the Court of Appeals would hold that under GCR 1963, 117.3 the trial court could have considered the deposition in question regardless of whether or not it was filed.

3. The trial court did not err in ruling that plaintiff suffered an impairment of a body function, namely ambulation, as a result of the injury to her ankle, but that the lack of an objective manifestation, aside from scar tissue, and plaintiff's admission in deposition testimony that the injury to her ankle did not prevent her from carrying on her normal activities supported a conclusion that the impairment nonetheless did not meet the threshold for tort recovery under the no-fault act.

Affirmed.

1. JUDGMENTS — SUMMARY JUDGMENT — AFFIDAVITS — COURT RULES.

Affidavits based upon the defendant's personal knowledge are unnecessary to support a motion for summary judgment on the ground that there is no genuine issue as to any material fact in a tort action for noneconomic loss resulting from an automobile accident where the defendant concedes for purposes of the motion that there is no genuine issue of material fact as to the nature and extent of the plaintiff's injuries and the defendant relies upon the plaintiff's deposition testimony (GCR 1963, 117.2[3], 117.3).

2. APPEAL — PRESERVING QUESTION.

Issues not raised in the trial court will ordinarily not be considered on appeal; an appellant who merely asserts a position without citing any applicable case law or policy considerations is deemed to have abandoned his argument.

3. INSURANCE — NO-FAULT ACT — SERIOUS IMPAIRMENT OF BODY FUNCTION.

An impairment of body function, in order to be considered serious for purposes of the no-fault act provision on tort liability for noneconomic losses, must be of an important body function and must have resulted from objectively manifested injuries (MCL 500.3135; MSA 24.13135).

*Gallon, Kalniz & Iorio, Co., L.P.A.* (by *Jack Gallon* and *Burton Kalniz*), for plaintiff.

*Taub, Still, Nemier & Winter, P.C.* (by *Jeffrey L. Tolari*), for Robert Don White.

*Ready, Sullivan & Ready* (by *Durward L. Hutchinson*), for John H. Earl.

Before: Cynar, P.J., and Wahls and E. E. Borradaile,* JJ.

Per Curiam. Plaintiff was injured on August 6, 1982, while a passenger in an automobile driven by her husband, defendant John H. Earl, which was struck at the intersection of Secor Road and County Road 151 in Monroe County by a vehicle driven by defendant Robert Don White. Plaintiff's complaint stated that the accident was caused by defendant White's negligently driving into the path of the Earl automobile, and by defendant Earl's negligently failing to yield the right-of-way to White's vehicle.

Plaintiff was taken to the emergency room of Riverside Hospital in Toledo, Ohio, where she was diagnosed as suffering from a hematoma on her scalp, a soft-tissue contusion of the right ankle, and a contusion of the left knee. On August 9, 1982, after plaintiff had been in the hospital for three days, an orthopedic surgeon, Dr. John Chow, was called in to examine her right ankle. Dr. Chow noted that there was severe swelling and marked ecchymosis of her right foot and ankle, and also observed that there was no fracture or dislocation of the ankle. He recommended a short leg plaster splint for plaintiff's right foot and ankle for two weeks, to be followed with the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

application of a short leg cast. Plaintiff remained in the hospital a total of two weeks.

Subsequent to her discharge from the hospital, plaintiff went to Dr. Chow's office and had the plaster splint removed and a short leg cast applied to her lower right leg and ankle. She wore the cast for approximately four weeks, during which time she was forced to walk on crutches. After the cast was removed plaintiff continued physical therapy for several months. Her difficulties in walking ended approximately November 4, 1982, some three months after the accident occurred. The last time plaintiff saw a doctor for any injury arising out of the accident at issue was in early 1983 and, while plaintiff claims her right ankle still hurts, she admits that she takes no pain medication and that she has not had to significantly change her life style.

Suit was commenced in this matter on March 26, 1984, and, on November 30, 1984, defendant Earl filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) and (3), now MCR 2.116(C)(8) and (10), alleging that plaintiff had failed to demonstrate that her injuries met the requisite "impairment of body function" threshold of the no-fault act and asking that the Court determine under *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), that the plaintiff did not meet the threshold as a matter of law. On January 31, 1984, defendant White filed a concurrence in defendant Earl's motion and, after a hearing on the motion, the trial judge granted the motion by an order dated February 15, 1985. We affirm the determination by the trial judge.

Plaintiff has claimed two procedural flaws with defendants' motion which, under the Michigan Court Rules that became effective March 1, 1985, would not be serious defects. Plaintiff alleges that

no supporting affidavits were filed as required by GCR 1963, 117.3, and that the deposition testimony of the plaintiff on which the defendants principally relied in their motion was not proper evidence, as plaintiff's deposition was never filed with the lower court. Under MCR 2.116(G)(3), affidavits, depositions, admissions, or other documentary evidence are required when judgment is sought based on MCR 2.116(C)(10).

A key exception has developed to the affidavit requirement in dealing with the serious impairment of body function threshold under the no-fault act. This exception has been applied to situations where a supporting affidavit was filed, but the affidavit was defective:

> "The function of an affidavit by the defendant is to establish affirmatively that there is no basis in fact to support plaintiff's claim. To that end, the defendant must come forward with some evidentiary proof—some statement of specific fact." *Durant v Stahlin,* [375 Mich 628; 135 NW2d 392 (1965)], *Doornbos v Nordman,* 26 Mich App 278, 281; 182 NW2d 362 (1970). In the present case, the specific evidential facts (see *Simerka v Pridemore,* 380 Mich 250, 275; 156 NW2d 509 [1968]) concerning the nature of plaintiff's injuries and treatment were within the personal knowledge of only the plaintiff and Dr. Eisman. It is unlikely that either of them would have provided the defendants with a voluntary statement and affidavit.
>
> Under such circumstances, the trial court has the authority to excuse the defendant from presenting the material facts in the affidavit. GCR 1963, 116.6. The affidavit is then supplemented by depositions or answers to interrogatories. [*Brooks v Reed,* 93 Mich App 166, 174; 286 NW2d 81 (1979), lv den 411 Mich 862 (1981).]

In *Pullen v Warrick,* 144 Mich App 356, 359; 375

NW2d 448 (1985), the rule was extended to the situation where no affidavits were filed in support of a summary judgment motion under the no-fault act.

> Plaintiff first argues that defendant's motion for summary judgment pursuant to GCR 1963, 117.2(3) was jurisdictionally defective because it was not accompanied by affidavits, as required by subrule 117.3. . . . The better view is expressed in *Jakubiec v Kumbier,* 134 Mich App 773, 775-776; 351 NW2d 865 (1984), where this Court concluded that affidavits based on personal knowledge were unnecessary where defendant conceded for purposes of the motion that there was no genuine issue of material fact as to the nature and extent of plaintiff's injuries and defendant relied on plaintiff's answers to interrogatories and deposition testimony as well as exhibits.

In this case, defendants have conceded that there is no genuine issue of material fact as to the nature and extent of plaintiff's injuries, and their only disagreement is with the effect of these injuries on plaintiff's life. Defendants rely for the most part on plaintiff's own deposition testimony in their motion for summary judgment, an approach explicitly approved of in *Brooks* and *Pullen.* There is no requirement in this case that supporting affidavits be submitted.

The issue regarding the filing of the deposition would appear to be moot if the Court were to reverse the trial court and send the matter back for further hearing in view of the provisions of MCR 2.302(H). This provision is a new provision governing the filing of discovery materials and differs from both prior Michigan practice and the federal rules. See 2 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), Staff Comments, p 160.

If the issue does exist, it would appear plaintiff has waived it, inasmuch as at no time at the trial level either in her brief in opposition or at the argument on the motion did she ever object to the use of her deposition testimony. Absent a showing of manifest injustice, plaintiff has waived this objection. *Brooks v January,* 116 Mich App 15, 30; 321 NW2d 823 (1982); *Taubitz v Grand Trunk Western R Co,* 133 Mich App 122, 129-130; 348 NW2d 712 (1984). Also, in her brief on appeal plaintiff has not cited any case, statute, court rule, or policy consideration in support of her position. Therefore her arguments are not preserved for review. See *Mitcham v Detroit,* 355 Mich 182, 203; 94 NW2d 388 (1959).

Even if plaintiff's argument is not waived, the Court is satisfied that the language of GCR 1963, 117.3 indicates that the trial court could consider other documents submitted by the parties: "Such affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action *or submitted by the parties* shall be considered by the court at the hearing." (Emphasis added.) In *Guerrero v Schoolmeester,* 135 Mich App 742, 746; 356 NW2d 251 (1984), lv den 422 Mich 881 (1985), an almost identical situation in the no-fault context existed, and the Court ruled consistent with the ruling in this case.

In *Williams v Payne,* 131 Mich App 403, 409; 346 NW2d 564 (1984), this Court noted that the following standards have been developed to assist the courts in determining whether a threshold injury was sustained:

First, "impairment of body function" actually means "impairment of *important* body functions." Second, by its own terms, the statute requires that any impairment be "serious." Third, the section

applies only to "objectively manifested injuries."
[Citations omitted.]

Despite plaintiff's attempt to take the trial
court's statement out of context by stating that
the trial court required permanency for a determi-
nation of serious impairment, we note that the
court said: "Also, although an injury need not be
permanent to be serious, permanency is relevant."

The trial judge indicated that he found that
there was an impairment of a body function,
namely ambulation, and indicated that ambulation
is an important body function. He found, however,
that it was not a serious impairment and could not
be equated, or begin to be equated, with either
death or permanent serious disfigurement. He
noted correctly that recovery for pain and suffer-
ing is not predicated on serious pain and suffering,
but on the injuries that fall within the considera-
tions mentioned by the Supreme Court. He also
correctly noted that there was no objective mani-
festation at this time as to pain, except the scar
tissue. And his comment that plaintiff indicated
that there was really nothing she cannot do now
because of the accident that she could not do
before the accident is borne out by her own deposi-
tion where she said as follows:

> *Q.* Okay. Is there anything you can't do with
> that ankle now—other than, I know when you do
> a lot of stuff, a lot of walking, or a lot of steps, but
> is there anything that you can't do now that you
> did before the accident, because of the ankle?
> *A.* Well, the stairs, when I do my wash, or
> anything like that, it's really hard.
> *Q.* So, it gets painful? You can do it, but it just
> gets painful?
> *A.* I have to do it yes.

*Q.* Has this accident affected your marriage at all?
*A.* No.

Consistent with the findings in *Williams v Payne, supra, Pullen v Warrick, supra, Franz v Woods,* 145 Mich App 169; 377 NW2d 373 (1985); and *Denson v Garrison,* 145 Mich App 516; 378 NW2d 532 (1985), we believe that the trial judge properly found as a matter of law that there was not a serious impairment of a body function as required by the no-fault act.

Affirmed.