HARRIS v McVICKERS

Docket No. 78-685. Submitted December 19, 1978, at Detroit.—Decided February 6, 1979. Leave to appeal denied, 406 Mich 929.

Judith C. Harris, Edward Harris her husband, and Beverly J. Boughner brought an action in Wayne Circuit Court for injuries sustained by Judith and Beverly as a result of an automobile accident with defendant John E. McVickers. Edward Harris joined in the complaint seeking damages for his wife's medical expenses and for loss of consortium. Defendant filed a motion for summary judgment alleging that there was no issue as to a material fact since the injuries claimed did not constitute "serious impairment of body function" so as to meet the threshold tort requirements of the no-fault automobile insurance act. Judgment for defendant, Joseph G. Rashid, J. Plaintiffs appeal. *Held:*

The question of serious body impairment can either be a question of law or of fact under the no-fault automobile insurance act. Plaintiffs may have suffered discomfort but the degree of their injuries was insufficient to meet the threshold requirements of serious body impairment under the no-fault act; therefore, since no reasonable jury could view plaintiffs' injuries as serious, it was a question of law for the court to decide and the granting of summary judgment was proper.

Affirmed.

1. JUDGMENT — SUMMARY JUDGMENT — GENUINE ISSUES OF FACT — BURDEN OF PROOF — COURT RULES.

A motion for summary judgment grounded on there being no genuine issue as to a material fact is designed to test whether factual support exists for the claim made; the party opposing the motion must come forward with some proof to establish the

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 1, 2, 15.
[2] 73 Am Jur 2d, Summary Judgment § 1.
[3] New Topic Service Am Jur 2d, No Fault Insurance § 26.
  73 Am Jur 2d, Summary Judgment §§ 26, 27, 32.

existence of a genuine issue of a material fact (GCR 1963, 117.2[3]).

2. JUDGMENT — SUMMARY JUDGMENT — GENUINE ISSUES OF FACT.
Summary judgment amounts to an application of law to undisputed facts.

3. AUTOMOBILES — INSURANCE — NO-FAULT — TORTS — SERIOUS BODY IMPAIRMENT — JURY QUESTION — LEGAL QUESTION — THRESHOLD INJURY REQUIREMENTS — JUDGMENT — SUMMARY JUDGMENT — STATUTES.
The question of serious body impairment under the automobile no-fault insurance act can either be a question of law or of fact; it is a question of law where it can be said with certainty that no reasonable jury could view a plaintiff's impairment as serious; therefore, summary judgment for defendant in an action arising out of an automobile accident was proper where, although plaintiffs suffered discomfort due to an accident, the degree of injury was insufficient to meet the minimum threshold requirements of the no-fault act (MCL 500.3135[1]; MSA 24.13135[1]).

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard*), for plaintiffs.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P.C.* (by *Thomas F. Myers* and *Mark R. Bendure*), for defendant.

Before: M. F. CAVANAGH, P.J. and BASHARA and ALLEN, JJ.

PER CURIAM. Plaintiffs appeal from an order of summary judgment for defendant. Plaintiffs' suit for damages stems from injuries sustained in an automobile accident. One plaintiff alleges headaches and the other a stiff neck, knee pains, and headaches.

Defendant contends there was no issue as to a

material fact, GCR 1963, 117.2(3)[1], since the injuries claimed did not constitute "serious impairment of body function" so as to meet the threshold tort requirements of the no-fault act, MCL 500.3135; MSA 24.13135.[2]

A motion for summary judgment grounded on GCR 1963, 117.2(3) is designed to test whether factual support exists for the claim made. The party opposing the motion must come forward with some proof to establish the existence of a genuine issue of a material fact. *Bob v Holmes,* 78 Mich App 205, 212; 259 NW2d 427 (1977). Summary judgment amounts to an application of law to undisputed facts. See *Dembinski v Aetna Casulaty & Surety Co,* 76 Mich App 181, 183-4; 256 NW2d 69 (1977).

The controversy in the instant case is not what injuries were sustained but whether such injuries meet the requisite legal threshold necessary to permit a jury determination of the applicability of § 3135.

The threshold issue has been previously addressed by this Court. In *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976), this Court recognized the wisdom of permitting such a determination at the initial level by the trial court. However, due to the Supreme Court's finding in

---

[1] The motion for summary judgment in this case was erroneously a 117.2(1) motion. However, a review of the record indicates the parties and the trial court proceeded as if the motion was brought pursuant to GCR 1963, 117.2(3). Since the record reveals that neither party was misled, and that the motion was understood, the mislabeling does not constitute reversible error. *Todd v Biglow,* 51 Mich App 346, 349-50; 214 NW2d 733 (1974), BASHARA, *The Elusive Summary Judgment Rule: Sifting Through the Maze,* 1976 Det Col L Rev 397.

[2] MCL 500.3135(1); MSA 24.13135(1) states:

"A person remains subject to tort liability for noneconomic loss caused by his ownership, maintenance or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function or permanent serious disfigurement."

*Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973)[3], the panel felt constrained to limit the Court's role to those cases where it could be said with certainty that no reasonable jury could view the plaintiff's impairment as serious.

In *Vitale v Danylak,* 74 Mich App 615, 619; 254 NW2d 593 (1977), *lv den* 403 Mich 848 (1978), another panel of this Court acknowledged the *McKendrick* decision, but upon reexamination of the Supreme Court's language, held that,

"We do not read the language of the Supreme Court as a complete prohibition of the use of summary judgment whenever a 'serious impairment' or 'permanent serious disfigurement' is alleged in the pleadings. While we recognize that generally the trier of fact must make the qualitative decision of whether a particular injury is serious or permanent, it does not follow that the trial judge is in all cases precluded from consideration of those questions.

The Supreme Court held that where the legal interpretation of the terms in question 'approaches or breaches permissible limits' the interpretation becomes a question of law for the trial court."

See also *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978).

Each case must be treated individually to deter-

---

[3] The Supreme Court in *Advisory Opinion re Constitutionality of 1972 PA 294,* stated:

"The final question is whether the phrases 'serious impairment of body function' and 'permanent serious disfigurement' provide standards sufficient for legal interpretation.

This Court holds that such phrases are capable of legal interpretation and, indeed, that juries or judges sitting without juries frequently have and do interpret comparable phrases bearing upon various facets of the law. Such findings result from denominated fact questions and thus are within the exclusive province of the triers of fact. Only when interpretation approaches or breaches permissible limits does it become a question of law for the Court. Such questions must be approached on a case by case basis."

mine whether the alleged injuries fall below certain definitional limits, thereby allowing summary judgment. *Vitale, supra,* at 620.

There is no doubt that plaintiffs suffered discomfort due to the accident. However, the degree of injury in this case is insufficient to meet the minimum threshold requirement.

Plaintiffs' claim that the no-fault act violates equal protection must also fail. The constitutionality of the no-fault legislation has recently been upheld in *Shavers v Attorney General,* 402 Mich 554, 623; 267 NW2d 72 (1978), where the partial abolition of the tort liability was clearly found not violative of the traditional test for equal protection.

Affirmed.