## WATKINS v CITY CAB CORPORATION

Docket No. 78-4436. Submitted December 12, 1979, at Detroit.—Decided June 2, 1980.

Charlene Watkins, hereinafter plaintiff, brought a negligence action against City Cab Corporation, hereinafter defendant, for injuries she received in an automobile accident. The Wayne Circuit Court, Roland L. Olzark, J., granted summary judgment to the defendant. Plaintiff appeals. *Held:*

1. Summary judgment is almost never appropriate in negligence actions.

2. The phrase "serious impairment of body function" presents a question of fact that is within the exclusive province of the triers of fact.

3. A summary judgment for a defendant in a negligence action under the no-fault act is available only where a judge can decide after accepting as true all of the plaintiff's factual allegations that no reasonable jury would find the injury sustained to be serious.

4. A partial summary judgment for a plaintiff in a negligence action under the no-fault act is available on the issue of serious impairment of body function only where a judge determines that an impairment of body function occurred and was serious and no reasonable jury could disagree.

5. The Court of Appeals cannot say that all reasonable jurors would agree that there was no serious impairment of body function.

Reversed and remanded with instructions.

1. JUDGMENTS — SUMMARY JUDGMENTS — NEGLIGENCE.

Summary judgment is almost never appropriate in negligence actions.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Summary Judgment § 6.
    Propriety of granting summary judgment in case involving issue of gross or wanton negligence. 50 ALR2d 1309.
[2-4] 57 Am Jur 2d, Negligence § 9.
    73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 73 Am Jur 2d, Summary Judgment §§ 4, 6.
[4] 73 Am Jur 2d, Summary Judgment § 41.

2. Negligence — Fact Question — Question of Law.

> The phrase "serious impairment of body function" presents a question of fact that is within the exclusive province of the triers of fact; but summary judgment is not an absolute impossibility on a motion that a plaintiff's injury is or is not a serious impairment of body function as a matter of law.

3. Judgments — Summary Judgments — Automobiles — Negligence — No-Fault.

> A summary judgment for a defendant in a negligence action under the no-fault act is available only where a judge can decide, after accepting as true all of the plaintiff's factual allegations, that no reasonable jury would find the injury sustained to be serious.

4. Judgments — Summary Judgments — Automobiles — Negligence — No-Fault.

> A partial summary judgment for a plaintiff in a negligence action under the no-fault act is available on the issue of serious impairment of body function only where a judge determines that an impairment of body function occurred and was serious and no reasonable jury could disagree.

*Rifkin, Kinglsey & Rhodes, P.C.* (by *Frank K. Rhodes, III*), for plaintiff.

*Davidson, Gotshall, Kohl, Secrest, Wardle, Lynch & Clark* (by *Paul E. Pedersen*), for defendant.

Before: M. J. Kelly, P.J., and M. F. Cavanagh and P. C. Elliott,* JJ.

P. C. Elliott, J. This is the kind of fender-bender soft tissue injury, briefly incapacitating with a fast and full recovery, that the Legislature meant to keep out of court by enacting the threshold requirements. However, by using the uncertain phrase "serious impairment of body function", the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

no-fault act utterly fails to accomplish that purpose and, ironically, makes auto-accident litigation even more of a crap game.

Any incapacity for a few days or weeks will seem "serious" to one jury while another will find against a plaintiff who has a more extensive impairment with continuing problems. The personalities of the jurors, the parties and the lawyers may affect the outcome.

It is no easier to say a body impairment is or is not "serious" than to say conduct established by discovery is or is not "negligent". But summary judgment is almost never appropriate in negligence actions; *Simonetti v Rinshed-Mason Co,* 41 Mich App 446; 200 NW2d 354 (1972). The applicable Michigan court rule, GCR 117.2(3), is simply not a workable mechanism for courts to locate and weed out personal injury cases that do not belong there.

We recognize, however, that summary judgment is not an absolute impossibility on a motion that plaintiff's injury is or is not a serious impairment of body function as a matter of law. In *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973), the Supreme Court reiterated that the statutory phrase "serious impairment of body function" presents a question of fact that is within the exclusive province of the triers of fact: "Only when interpretation approaches or breaches permissible limits does it become a question of law for the court."

*McKendrick v Petrucci,* 71 Mich App 200, 212; 247 NW2d 349 (1976), observed:

"Where resolution of a case requires the trier of fact to make 'qualitative inferences', summary judgment will usually not be appropriate."

Nevertheless in *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977), the Court of Appeals affirmed a summary judgment for a defendant. After discussing the *Advisory Opinion, supra,* which refers to "permissible limits", the Court said:

"While the opinion did not specify where the 'permissible limits' are drawn, this Court is of the opinion that if any class of cases could approach such limitation, the case at bar must be included in that class. The plaintiff's sole injury arising from the accident was a stiff neck, which was treated with minimal medication and subsequently disappeared within a week." (74 Mich App 615, 619.)

*Vitale* is the exception that proves the rule. Summary judgment for the defendant is available only in those rare, clearest of cases in which a judge can decide "after accepting as true all of the plaintiff's factual allegations, that no reasonable jury would find the injury sustained to be serious".

*Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978), is the other side of the *Vitale* coin. *Cassidy* holds that it is also legally possible for a judge to determine, in the clearest of cases in which no reasonable jury could disagree, that an impairment of body function occurred and was "serious" so that a partial summary judgment on that issue may properly be entered for the plaintiff. Actually it is not difficult to imagine cases in which a serious impairment of body function would be beyond question: an accident causing complete and permanent blindness would be an extreme example.

Although we strongly believe that plaintiff's incapacitation for a few weeks falls far short of

the statutory threshold we cannot say that all reasonable jurors would agree.

We reverse and remand with a suggestion that the circuit judge remove the case to a lower court. In the unlikely event that a jury finds in favor of plaintiff, nine weeks of convalescence, with lost wages and medical paid as P.I.P. benefits, surely would not justify an award in excess of $10,000.