CASSIDY v McGOVERN

Docket No. 44507. Submitted March 6, 1980, at Grand Rapids.—
    Decided June 4, 1980. Leave to appeal applied for.

Leo T. Cassidy was injured in a collision between his car and an
    automobile owned by Seaton Industries, Inc., and driven by
    Terrance McGovern. Leo and his wife, Ardith M. Cassidy,
    brought an action for damages under the automobile no-fault
    act against McGovern and Seaton. Prior to trial, the defendants
    admitted liability, reserving for trial only the issues of any
    damages and whether plaintiffs met the threshold requirement
    of serious impairment of body function or permanent serious
    disfigurement under the no-fault act. The plaintiffs moved for a
    directed verdict and the trial judge deferred his ruling. The
    jury returned a verdict of no cause of action. The judge then
    denied plaintiff's motion for a directed verdict and entered
    judgment for defendants, Emmet Circuit Court, Martin B.
    Breighner, J. Upon appeal, this Court in *Cassidy v McGovern,*
    86 Mich App 321 (1978), remanded the case to the trial court
    with instructions that the trial judge is not forced in all
    circumstances to send the issue of serious impairment to the
    jury and that he may grant a directed verdict for plaintiffs if
    the nature of Leo Cassidy's injury was such as to meet the
    threshold of serious impairment as a matter of law. Upon
    remand the trial judge found that there was ample medical
    testimony and circumstantial evidence to warrant reasonable
    men to differ as to whether Leo Cassidy truly suffered a serious
    impairment of body function. He again denied plaintiffs' motion
    for a directed verdict. Plaintiffs appeal from the order denying
    their motion for a directed verdict.

    1. The proper test for determining whether a motion for a
    directed verdict in favor of plaintiffs should be granted is
    whether reasonable men could reach different conclusions from
    facts taken in the light most favorable to the defendants.

    2. The trial court did not err in denying plaintiffs' motion for
    a directed verdict since reasonable men could reach different

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 482.
[2] 57 Am Jur 2d, Negligence §§ 6, 7.

conclusions as to whether plaintiff Leo Cassidy suffered a serious impairment of body function.

Affirmed.

M. F. CAVANAGH, J., concurred. The phrase "serious impairment of body function" presents a question of fact that is within the exclusive province of the triers of fact and warrants its determination as a matter of law only where the injury falls squarely on either end of the spectrum. Although it is hard to conceive how reasonable minds could differ that Leo Cassidy's injuries constituted a serious impairment of body function, they did differ in that the jury determined that a serious impairment did not exist. He would also affirm.

### OPINION OF THE COURT

1. MOTIONS AND ORDERS — DIRECTED VERDICT — STANDARD.

   The proper test for determining whether a motion for a directed verdict in favor of plaintiffs should be granted is whether reasonable men could reach different conclusions from the facts taken in the light most favorable to the defendants.

### CONCURRENCE BY M. F. CAVANAGH, J.

2. NEGLIGENCE — FACT QUESTION — QUESTION OF LAW.

   *The phrase "serious impairment of body function" presents a question of fact that is within the exclusive province of the trier of fact and warrants its determination as a matter of law only where the injury falls squarely on either end of the spectrum.*

*John D. Hayes,* for plaintiff.

*Carpenter, Fenner, Barney & Hofmann,* for defendant.

Before: ALLEN, P.J., and M. F. CAVANAGH and C. W. SIMON,* JJ.

PER CURIAM. Plaintiffs appeal as of right from a March 20, 1979, order denying their motion for a directed verdict on the basis that plaintiff Leo Cassidy's injuries incurred in an automobile acci-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dent constituted a serious impairment of body function as a matter of law.

This decision was made after trial pursuant to a remand ordered by this Court in *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978). This Court held that the trial court used an erroneous standard when ruling on plaintiffs' motion for directed verdict because the court believed that he was forced to send the threshold question of tort liability under MCL 500.3135(1); MSA 24.13135(1) to the jury.

On remand, the trial court found that there was ample medical testimony and circumstantial evidence to warrant reasonable men to differ as to whether Leo Cassidy truly suffered a serious impairment of body function. The lower court ruled that as a matter of law the injuries did not qualify as a serious impairment of body function.

On appeal, plaintiffs argue that a directed verdict in their favor is compelled as a matter of law.

The proper test for determining whether a motion for a directed verdict in favor of the plaintiffs should be granted is whether reasonable men could reach different conclusions from the facts taken in the light most favorable to the defendants. *Armstrong v LeBlanc,* 395 Mich 526, 532; 236 NW2d 419 (1975).

In the present case, liability was admitted; the sole issue submitted to the jury being whether serious impairment of body function had occurred. The jury rejected plaintiffs' position and found no serious impairment of body function, showing that reasonable men can differ.

We hold that the trial court did not err in denying plaintiffs' motion for directed verdict. From our review of the testimony offered by plain-

tiffs, we find that reasonable men can reach different conclusions. Thus, the trial court was correct in submitting this issue to the jury.

Affirmed. Costs to defendants.

M. F. CAVANAGH, P.J. *(concurring)*. I concur in the result reached by my brothers but write separately only to note that this case presents us with the opposite side of the coin on the threshold question. I have concurred in *Watkins v City Cab Corp,* 97 Mich App 723; 296 NW2d 162 (1980), with the proposition that the vagueness of the phrase "serious impairment of body function" warrants its determination as a matter of law only where the injury squarely falls on either end of the spectrum. Anything in between should be left to the determination of the trier of the fact. This case epitomizes the reason for my persuasion. The injuries here consisted of complete breaks of both bones in the lower right leg to a man whose occupation was that of a farmer. The plaintiff was required to wear four different casts on his leg between the months of August 1975 to March of 1976. Plaintiff was required to utilize crutches and thereafter a walker. Plaintiff was unable to work due to the condition of his leg, and even up to the time of trial testified that his leg had returned to fifty percent of normal use and that he was still experiencing pain and limping. In my opinion, I cannot see how reasonable minds could differ that these injuries constituted a serious impairment of body function. However, differ they did. Both the trial judge and the jury in this instance determined that a serious impairment did not exist. Accordingly, for the reasons stated in *Watkins v City Cab Corp, supra,* I am constrained to affirm.