HERMANN v HANEY

Docket No. 43683. Submitted January 7, 1980, at Detroit.—Decided
    July 1, 1980. Leave to appeal applied for.

    Barbara J. Hermann was injured in an automobile collision with
    a car driven by defendant Chester R. Hackney. Mrs. Hermann
    and her husband, Michael Hermann, brought an action in the
    Wayne Circuit Court against Mr. Hackney and Edwin M.
    Haney, who was the driver of another car and who allegedly
    contributed to the accident. In a deposition, Mrs. Hermann
    testified that she suffered bruises on her legs and knees and a
    bump on her head. Immediately after the accident, she was
    taken to the hospital, given a pain killer and discharged. The
    bruises did not prevent her from sitting or standing and disap-
    peared in two months. The bump was gone in one month. Two
    days after the accident she experienced neck and back pains.
    She was referred to a doctor who saw her nine times and
    treated her with heating pads but no medication. One month
    after the accident, she was working a full shift and performing
    her regular household chores. The court, John M. Wise, J.,
    granted summary judgment for defendants. Plaintiffs appeal.
    *Held:*

    The threshold requirement of serious impairment of bodily
    function of the no-fault act is met where either the initial
    injury is severe or the effects of the initial injury are continu-
    ing—either permanent or long-term. Factors to be considered
    include the extent of the injury, treatment required, duration
    of disability, extent of residual impairment and prognosis for
    eventual recovery. The question of whether a particular impair-
    ment satisfies the threshold requirement of the no-fault act for
    a serious impairment of bodily function is not always a ques-
    tion for the fact finder. There are cases in which the trial court
    can rule, as a matter of law, that a plaintiff's injury is so minor

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 349, 358.
    73 Am Jur 2d, Summary Judgment §§ 26, 27.
    Validity and construction of "no fault" automobile insurance plans.
        42 ALR3d 229.

that it fails to reach the threshold of a serious impairment. The trial court did not err.

Affirmed.

M. F. CAVANAGH, J., dissented. He would hold that, until the Legislature or the Supreme Court defines "serious impairment of bodily function" with more precision, the question of whether or not a given injury meets the definition should be left to the jury.

### OPINION OF THE COURT

1. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS BODILY IM-
   PAIRMENT — JURY QUESTION — QUESTION OF LAW.

   *The question of whether a particular impairment satisfies the threshold requirement of the no-fault act for a serious impairment of bodily function is not always a question for the fact finder; there are cases in which the trial court can rule, as a matter of law, that a plaintiff's injury is so minor that it fails to reach the threshold of a serious impairment.*

2. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS BODILY IM-
   PAIRMENT.

   *The threshold requirement of serious impairment of bodily function of the no-fault act is met where either the initial injury is severe or the effects of the initial injury are continuing—either permanent or long-term; factors to be considered include the extent of the injury, treatment required, duration of disability, extent of residual impairment and prognosis for eventual recovery.*

3. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS BODILY IM-
   PAIRMENT — SUMMARY JUDGMENT.

   Summary judgment in favor of a defendant was proper in an action alleging serious impairment of bodily function under the no-fault act where plaintiff's injuries were neither severe nor long-term, treatment was minimal and there was no residual impairment following a brief period of limited disability.

### DISSENT BY M. F. CAVANAGH, J.

4. INSURANCE — AUTOMOBILES — NO-FAULT — SERIOUS BODILY IM-
   PAIRMENT — JURY QUESTION.

   *A question of whether or not an injury meets the threshold requirement of "serious impairment of bodily function" under the no-fault act should be left to the trier of fact until more clearly defined by the Legislature or the Supreme Court.*

*Posner, Posner & Posner,* for plaintiffs.

*Mitchell & Leon* (by *Robert I. Morrison),* for defendant Hackney.

*Collins & Einhorn, P.C.* (by *Dale J. McLellan),* for defendant Haney.

Before: R. M. MAHER, P.J., and M. F. CAVANAGH and CYNAR, JJ.

R. M. MAHER, P.J. This appeal is from an order granting summary judgment for defendants.[1] The question before this Court is whether it can be said with certainty that no reasonable jury could view Mrs. Hermann's alleged impairment of body function as "serious" under MCL 500.3135; MSA 24.13135. See *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976).

Not every question of whether a particular impairment falls within the act must be submitted to the trier of fact. *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978). There are cases in which the trial court may properly rule that, as a matter of law, a plaintiff's injury fails to reach the threshold of a serious impairment. *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), *Harris v McVickers,* 88 Mich App 508; 276 NW2d 629 (1979), *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977).

In *Brooks v Reed, supra,* summary judgment in favor of defendants was affirmed where injuries to plaintiff's arms and wrists allegedly required four

---

[1] The motion for summary judgment in this case was incorrectly brought pursuant to GCR 1963, 117.2(1) and (3). However, a review of the record indicates that the parties and trial court proceeded as if the motion was brought only under GCR 1963, 117.2(3). No party was misled and the motion was understood. See *Harris v McVickers,* 88 Mich App 508, 510, fn 1; 276 NW2d 629 (1979).

visits to a chiropractor at three to four week
intervals for heat treatment and medication. In
*Harris v McVickers, supra,* one plaintiff alleged
headaches and the other claimed a stiff neck, knee
pains and headaches. Although there was no doubt
that plaintiffs suffered discomfort, this Court af-
firmed an order of summary judgment in favor of
defendant on the threshold question. In *Vitale v
Danylak, supra,* complaints of a stiff neck for one
week following the accident and two or three visits
to a doctor who presumably prescribed pain killers
and/or muscle relaxants was appropriately decided
by summary judgment in favor of defendant.

On the other hand, summary judgment was not
deemed appropriate in *McKendrick v Petrucci,
supra,* where plaintiff alleged that tendonitis of
the biceps tendon of his right arm caused him
persistent pain which could not be corrected surgi-
cally. In *Cassidy v McGovern, supra,* plaintiff sus-
tained complete breaks in both bones of his lower
right leg as well as other contusions and abrasions.
The trial court was instructed to recognize on
remand that, if the nature of plaintiff's injury is
such as to meet the threshold of serious impair-
ment as a matter of law, a directed verdict for
plaintiff should be granted.

Finally, in *Pohl v Gilbert,* 89 Mich App 176; 280
NW2d 831 (1979), judgment for defendant on the
issue of serious impairment following a bench trial
was reversed. There plaintiff incurred cuts,
bruises, headaches and pain in her shoulders, neck
and back when thrown from the car in which she
was riding. Although treated with ultrasound,
muscle relaxants, anti-inflammatory agents, pain
killers and manipulation, plaintiff's condition had
worsened in the four years since the accident. In
all, plaintiff suffered a spine sprain, with pain

radiating into her arms and legs. Muscle spasms steadily increased the pain and plaintiff lost sensation and suffered reduction of grip and intermittent loss of use of her right arm. She had scoliosis and the pain forced her to take to bed intermittently, seek frequent medical attention and reduce substantially her physical and social activities. She suffered occasional depression and spoke of suicide because of constriction of blood flow to the brain.

The above cases demonstrate that, in order to meet the threshold of serious impairment, either the initial injury must be severe or the effects must be continuing—either permanent or longterm. Among the factors to be considered are the extent of the injury, treatment required, duration of disability, extent of residual impairment and prognosis for eventual recovery. Additional relevant factors may be considered as well. Conversely, not all the factors mentioned need be present to find serious impairment in a given case.

For example, a severely injured person who eventually makes a total recovery with little or no residual impairment may be found to suffer serious impairment. *Cassidy, supra.* In other words, the more extensive or severe the injuries, the less need for residual impairment. Thus, one who suffers life-endangering injuries but experiences complete recovery within a relatively short time may nonetheless meet the threshold requirement. By the same token, a relatively less disabling condition which is permanent (or of significantly long duration) or recurring may constitute serious impairment by virtue of its longevity. *E.g.,* tendonitis in *McKendrick, supra;* nerve damage in *Pohl, supra.* The more likely that the impairment will be recurring or of a permanent nature, the less severe the condition must be. Where neither se-

vere nor long-term, *e.g.*, *Vitale, supra,* an impairment is not to be considered serious within the meaning of MCL 500.3135(1); MSA 24.13135(1).

In the instant case, Mrs. Hermann testified at her deposition that, as a result of an automobile accident, she suffered bruises on her legs and knees and a bump on her head. Immediately following the accident, she was given a pain killer and dischrged from the hospital. The bruises did not prevent her from sitting or standing and disappeared after two months. The bump went away within one month.

Approximately two days following the accident, she experienced neck and back pains. She was referred to a doctor by her attorney. This doctor saw her nine times, prescribed no medication and treated her only with heating pads. Approximately one month following the accident, she was working a full shift and performing her regular household duties.

The injuries were neither severe nor long-term. Treatment of the injuries was minimal and there is no residual impairment following a brief period of limited disability. Summary judgment was proper.

Affirmed. Costs to defendants.

CYNAR, J., concurs in the result only.

M. F. CAVANAGH, J., *(dissenting).* I am in agreement with my brother that this case involves the type of injury which the Legislature intended to keep out of court by enacting the threshold requirements of the no-fault act. However, until the uncertain phrase "serious impairment of body function" is more clearly defined, either by our Supreme Court or preferably our Legislature, I am persuaded that the threshold determination should

be left to the trier of fact, except in those cases referred to in *Watkins v City Cab Corp,* 97 Mich App 723; 296 NW2d 162 (1980), at the outermost limits of the spectrum. The injuries in this case fall in between, and accordingly, I would reverse.