ECHOLS v RULE

Docket No. 50922. Submitted February 18, 1981, at Detroit.—Decided
April 10, 1981.

Johnella and Leroy Echols brought an action under the residual
tort liability provision of the no-fault insurance act against
Barry G. Rule, Jonathan T. Carter and Greyhound Lines, Inc.,
for damages for serious impairment of bodily function of Joh-
nella as a result of defendants' negligence occurring when the
bus she was riding in collided with an automobile. Mrs. Echols
testified at trial that she was treated by a physician 121 times,
that she was in constant pain and that she could no longer
perform normal functions, including having intimate relations
with her husband. She further testified that she had not seen a
doctor in the five years prior to trial. The treating physician
testified in a prior deposition that he had no recollection of
Mrs. Echols and that his notes concerning her treatment had
been lost. He did identify a report written by him at the
request of her attorney and outlining Mrs. Echols's physical
condition. The Washtenaw Circuit Court, Henry T. Conlin, J.,
ruled that both the deposition and report of the doctor were
inadmissible and, at the close of plaintiffs' proofs, ordered a
directed verdict for defendants. Plaintiffs appeal. *Held:*

1. Proof of serious impairment of bodily function in an action
under the no-fault act does not require expert testimony.
Plaintiffs presented sufficient evidence for reasonable jurors to
conclude that Mrs. Echols suffered serious impairment of bodily
function. The court erred in directing a verdict for defendants.

2. The court correctly excluded the deposition of the doctor
since he had no recollection of Mrs. Echols. However, the
written report should have been admitted as past recollection
recorded.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d (Rev), Automobile Insurance § 340 *et seq.*
Validity and construction of "no-fault" automobile insurance plans.
42 ALR3d 229.
[2] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 29 Am Jur 2d, Evidience §§ 601, 870.
30 Am Jur 2d, Evidence § 928.

1. Insurance — Automobiles — Serious Impairment — Evidence
— Expert Testimony.

Proof of serious impairment of bodily function in an action under the no-fault act does not require expert testimony.

2. Insurance — Automobiles — Serious Impairment — Summary Judgment.

A trial court erred in granting summary judgment for failure to show a serious impairment of bodily function in an action under the no-fault act where the plaintiff testified to consulting a physician 121 times and to inability to perform normal functions subsequent to the accident.

3. Evidence — Depositions — Written Reports.

A deposition of a physician who had treated plaintiff's injuries was inadmissible at trial where the physician had no recollection of the plaintiff at the time of the deposition; however, a report written, at the request of plaintiff's attorney, by the doctor two months after the last treatment was admissible as past recollection recorded.

*Bain & Shapero, P.C.* (by *Bryan H. Levy*), for plaintiffs.

*Douvan & Harrington* (by *Gordon J. Barnett, Jr.*), for defendant Rule.

*Sullivan, Ranger, Ward & Bone* (by *Lee C. Patton*), for defendant Greyhound Lines, Inc.

Before: D. C. Riley, P.J., and Bashara and MacKenzie, JJ.

Per Curiam. In August, 1974, plaintiff Johnella Echols was injured when the Greyhound bus in which she was riding collided with an automobile near Ann Arbor, Michigan. Plaintiffs filed a complaint alleging serious impairment of bodily function due to defendants' negligence, as provided in the residual tort liability provision of the no-fault insurance act, MCL 500.3135; MSA 24.13135. At the conclusion of plaintiffs' proofs, defendants moved for a directed verdict of no cause of action

pursuant to GCR 1963, 515.1. Plaintiffs appeal the trial court's order granting the motion.

The trial commenced in March, 1980. Mrs. Echols testified that on August 12, 1974, she was a passenger on a Greyhound bus. The bus collided with a car near Ann Arbor. Mrs. Echols was sleeping at the time of the accident. When she awoke, she was lying in the aisleway. She felt that she was injured but refused to go to the hospital because of her anxiety to return to her home. When she arrived in Detroit, she went to a clinic chosen by defendant Greyhound. She was released after being fitted with a back brace and a leg wrap.

The next day, Mrs. Echols began seeing a Dr. Rosenburg, an osteopathic physician. She had injured her head, neck and leg in the accident and was in constant pain. Dr. Rosenburg and his staff treated her 121 times over a 14-month period. The treatments relieved the pain somewhat, but not totally. She still could not perform her normal functions. She discontinued seeing the doctor because he told her that he had done all he could do for her. She did not see another doctor for the injuries.

She claimed that prior to the accident she was in excellent health. Since then, she has been in constant pain. She cannot perform housework or have intimate relations with her husband. She stated that she is unable to stoop, bend or walk even a short distance ("three blocks"). The injuries have become increasingly painful over the years.

MCL 500.3135; MSA 24.13135 preserves tort actions for noneconomic losses to a person injured in an automobile accident where the injured party can establish death, serious impairment of a bodily function or permanent serious disfigurement. This

Court has repeatedly held that whether the complainant has suffered serious impairment of a bodily function is a fact question. However, where the injuries are so insubstantial that the plaintiff has failed to reach the threshold of serious impairment, the trial court may remove the cause from the jury and dismiss the case. In order for the court to take the question from the jury, it must first determine that no reasonable juror could view plaintiff's impairment as serious. *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976), *Hermann v Haney,* 98 Mich App 445; 296 NW2d 278 (1980), *Gallagher v Parshall,* 97 Mich App 654; 296 NW2d 132 (1980), *Vitale v Danylak,* 74 Mich App 615; 254 NW2d 593 (1977).

Plaintiffs assert that the trial court erred in granting the directed verdict on the grounds that there was no medical testimony to substantiate Mrs. Echols's claim. We agree that proof of serious impairment of a bodily function does not necessarily require expert testimony. We find no such requirement in the statute or case law. To the extent that the trial court so held, we reverse its holding.

In addition to noting that there was no medical testimony, the court cited *Brooks v Reed,* 93 Mich App 166; 286 NW2d 81 (1979), in granting the motion. In *Brooks,* the plaintiff visited a chiropractor four times and was able to carry out his normal functions. The summary judgment in defendant's favor was affirmed by this Court with one dissent.

The facts in the case at bar are more persuasive of a finding of serious impairment than those found in *Brooks.* Mrs. Echols testified to seeing a physician 121 times. She stated an inability to perform her normal functions since the accident.

Although her testimony is weakened by the fact that she had not seen a doctor in five years at the time of trial, credibility is a matter for the jury. We believe reasonable jurors could conclude that her testimony, if believed, established serious impairment of bodily function. *Cf. McKendrick, supra, Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978), *Pohl v Gilbert,* 89 Mich App 176; 280 NW2d 831 (1979). Accordingly, the order is vacated and the case is remanded for a new trial.

In order to assist the court on remand, we address the remaining allegation of error. Prior to trial, defendants sought to exclude the deposition testimony and report of Dr. Rosenburg. In his deposition, the doctor stated that he could not recall treating plaintiff. However, his billing records indicated that he had treated her about 120 times. After every visit, notes were made either by himself or the therapist. About two months after the last treatment, plaintiffs' attorney requested that a report be made. Using his own notes only, the doctor compiled the report.

At the deposition, the doctor was asked to review the report in order to refresh his recollection of plaintiff. Even after reading the report, he could not remember her. He stated that the notes used to compile the report were since lost.

The trial court ruled that the doctor's deposition was not admissible because he could not remember the plaintiff at the time the deposition was given. The court also ruled that the report was not admissible because the notes which were relied upon in compiling the report were lost and not available for cross-examination purposes. The court further ruled that the 16-month length of time from the first visit to when the report was

compiled was so lengthy as to render the report unreliable.

Plaintiffs argue on appeal that the deposition and report were admissible under MRE 803(5) or MRE 803(6). MRE 803(5) states:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

"(5) Recorded recollection. A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by any adverse party."

MRE 803(5) is not a departure from prior Michigan law except that total failure of memory was previously required, whereas presently it need only be shown that the witness cannot testify fully and accurately. See Committee Notes, Proposed Rules of Evidence.

In *Jaxon v Detroit,* 379 Mich 405, 413; 151 NW2d 813 (1967), the Court held that a police officer's report was not admissible at trial because there was no evidence of the circumstances or time at which the report was made. The Court stated the necessary foundation for past recollection recorded, as follows:

"(a) a showing that the witness has no present recollection of the facts, (b) a showing that the witness' [sic] memory is not refreshed upon reference to the document, (c) a showing that the document is an original memorandum made by the witness from personal observation, (d) a showing that the document was prepared by the witness contemporaneously with the event and was an accurate recording of the occurrence and, (e) a

showing that the substance of the proffered writing is otherwise admissible."

Also see *People v Kubasiak,* 98 Mich App 529, 536; 296 NW2d 298 (1980).

We agree with the trial court that the doctor's deposition was not admissible. The doctor could not remember the plaintiff, even after the attempt to refresh his memory. He could not, therefore, testify concerning her illness.

On the other hand, we believe the trial court erred in excluding the report. Had the notes not been lost, they would have been admissible under the medical records exception to the hearsay rule, MRE 803(4). Similarly, the report should have been admitted under MRE 803(5).

Defendant contends that the report does not satisfy the contemporaneous requirement detailed in *Jaxon.* In *Kubasiak,* this requirement is not included. Rather, it was held that the document must have been drafted when the subject matter was fresh in the witness's memory.

We find error in the court's ruling that the requirement has not been met. The doctor's notes, relied upon in compiling the report, were written immediately after the plaintiff had been treated. We do not believe the two-month interval from the last treatment to the date of the report is significant in view of the fact the doctor had treated plaintiff 121 times over the preceding 14 months. Under the circumstances, we find that the contemporaneous requirement has been satisfied.

The fact the notes are not available for effective cross-examination is of no consequence. Cross-examination is always severely limited in cases of past recollection recorded where the witness has no memory of the event in question.

On retrial, the court is directed to allow the reading of the report into the record, MRE 803(5).

Reversed and remanded. Costs to plaintiffs.