PICKENS v PRINCE

Docket No. 46548. Submitted February 18, 1981, at Detroit.—Decided April 24, 1981.

Juanita Pickens was involved in an automobile accident and, as permitted by the no-fault automobile insurance act, she filed a complaint in Wayne Circuit Court alleging serious impairment of a bodily function due to the negligence of Neal Prince. Defendant filed a motion for entry of an order dismissing the case, alleging that plaintiff had failed to present evidentiary support for her claim. Plaintiff answered that there was a genuine issue of material fact as to whether she had sustained a serious impairment of bodily function. The trial court granted summary judgment in favor of defendant, Joseph B. Sullivan, J. Plaintiff appeals. *Held:*

It is assumed that the trial court granted summary judgment under GCR 1963, 117.2(3). In passing on a motion for summary judgment based on this subrule, a trial court must give the benefit of every reasonable doubt to the nonmoving party and in order for the court to take the question from the jury the court must first determine that no reasonable juror could view plaintiff's impairment as serious. Viewing the record in the light most favorable to the plaintiff, there is at least a genuine question of fact as to the extent of her injuries and reasonable jurors could conclude that plaintiff's impairment was serious.

Reversed and remanded.

1. Insurance — No-Fault Insurance — Tort Actions — Noneconomic Losses — Statutes.

Tort actions for noneconomic losses to a person injured in an automobile accident are preserved under the no-fault automobile insurance act where the injured party can establish death, serious impairment of a bodily function or permanent serious disfigurement (MCL 500.3135; MSA 24.13135).

References for Points in Headnotes

[1-4] 7 Am Jur 2d (Rev), Automobile Insurance §§ 25, 348, 349.
Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.
[5] 73 Am Jur 2d, Summary Judgment § 35.

2. INSURANCE — NO-FAULT INSURANCE — TORTS — SERIOUS IMPAIR-
   MENT OF A BODILY FUNCTION — JURY QUESTION.

   The question of whether a plaintiff in a tort action brought under
   the no-fault automobile insurance act has suffered serious
   impairment of a bodily function is a question of fact; however,
   where the injuries are so insubstantial that the plaintiff has
   failed to reach the threshold of serious impairment, the trial
   court may remove the cause from the jury and dismiss the case
   (MCL 500.3135; MSA 24.13135).

3. INSURANCE — NO-FAULT INSURANCE — TORTS — PERSONAL INJURY
   — SERIOUS IMPAIRMENT OF A BODILY FUNCTION — JURY QUES-
   TION.

   A trial court, in a tort action brought under the no-fault automo-
   bile insurance act, must first determine that no reasonable
   juror could view the plaintiff's impairment as serious before it
   can take from the jury the question of whether the plaintiff has
   suffered serious impairment of a bodily function (MCL
   500.3135; MSA 24.13135).

4. INSURANCE — NO-FAULT INSURANCE — TORTS — PERSONAL INJURY
   — SERIOUS IMPAIRMENT OF A BODILY FUNCTION.

   Factors to be considered in determining whether a claim of
   serious impairment of a bodily function, brought under the no-
   fault automobile insurance act, has been established include
   the extent of the injuries, treatment required, duration of the
   disability, extent of residual impairment and prognosis for
   eventual recovery; not all of the above factors are necessary to
   establish the claim nor is the list all-inclusive (MCL 500.3135;
   MSA 24.13135).

5. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

   A trial court must give the benefit of every reasonable doubt to
   the nonmoving party in passing on a motion for summary
   judgment based upon an allegation that except for the amount
   of damages no genuine issue as to any material fact exists and
   that the moving party is therefore entitled to judgment as a
   matter of law (GCR 1963, 117.2[3]).

*Lopatin, Miller, Freedman, Bluestone, Erlich &
Rosen (by Monica Farris Linkner),* for plaintiff.

*Fox & Fletcher, P.C. (by William C. Schaefer),*
for defendant.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Plaintiff was personally injured when a car owned by defendant struck the rear of her car. She filed a complaint alleging serious impairment of bodily function due to defendant's negligence. Defendant failed to file a timely answer, whereupon plaintiff brought a motion for default judgment, GCR 1963, 520. The motion was denied following a hearing.

Subsequently, defendant answered the complaint and filed a motion for entry of an order dismissing the case under an unspecified court rule. Defendant alleged that plaintiff had failed to present evidentiary support for her claim. An affidavit by defendant's attorney, in which he attested to the veracity of the statements in the motion, was attached to the motion.

Plaintiff answered that there was a genuine issue of material fact as to whether plaintiff sustained a serious impairment of bodily function. In an affidavit attached to plaintiff's answer, her chiropractor opined that she sustained serious impairment of a bodily function as a result of the accident. A medical report purportedly was attached to the affidavit, but none has been found in the file.

Plaintiff now appeals the trial court's order granting summary judgment in defendant's favor.

MCL 500.3135; MSA 24.13135 preserves tort actions for noneconomic losses to a person injured in an automobile accident where the injured party can establish death, serious impairment of a bodily function or permanent serious disfigurement. This Court has repeatedly held that whether the complainant has suffered serious impairment of a

bodily function is a fact question. However, where the injuries are so insubstantial that the plaintiff has failed to reach the threshold of serious impairment, the trial court may remove the cause from the jury and dismiss the case. In order for the court to take the question from the jury, it must first determine that no reasonable juror could view plaintiff's impairment as serious. *McKendrick v Petrucci,* 71 Mich App 200; 247 NW2d 349 (1976), *Hermann v Haney,* 98 Mich App 445; 296 NW2d 278 (1980), *Gallagher v Parshall,* 97 Mich App 654; 296 NW2d 132 (1980), *Vitale v Danylak* 74 Mich App 615; 254 NW2d 593 (1977).

Factors to be considered in determining whether this claim has been established include the extent of the injuries, treatment required, duration of the disability, extent of residual impairment and prognosis for eventual recovery. However, not all of the above criteria are necessary to establish serious impairment of bodily function, nor is the list all-inclusive. *Hermann v Haney, supra,* 449.

Since the trial court considered plaintiff's testimony given at the default judgment hearing and supporting affidavits, it is assumed summary judgment was granted under GCR 1963, 117.2(3), *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974), *lv den* 391 Mich 816 (1974). In passing on a motion based on subrule (3), benefit of every reasonable doubt must be given to the opposing party. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

Initially, plaintiff contends that opposing counsel's affidavit filed in support of the motion is not based upon the affiant's personal knowledge, rendering the motion fatally defective. It is not necessary to address this procedural question because we disagree with the trial court's finding that

there is no genuine issue of material fact as to plaintiff's injuries.

At the default judgment hearing, plaintiff testified that she had incurred injuries to her neck, back and shoulders as a result of the accident. She also testified that she received treatments immediately after the accident, that she continued to be under a doctor's care at the time of the hearing, and that she was instructed to stay off her feet. She further alleged that she cannot perform housework or lift anything and that she has headaches twice a week for which she takes pain medicine.

We disagree with the trial court's conclusion that plaintiff's injuries were "mostly minor". Reasonable jurors could conclude that plaintiff's impairment was serious. Viewing the record in the light most favorable to the plaintiff, there is at least a genuine question of fact as to the extent of her injuries. Similarly, see *McKendrick, supra, Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978), *Pohl v Gilbert,* 89 Mich App 176; 280 NW2d 831 (1979).

Reversed and remanded. Costs to abide the outcome.