FIDLER v MacKINDER

Docket No. 51553. Submitted May 13, 1981, at Lansing.—Decided
February 19, 1982. Leave to appeal applied for.

Harriet Fidler was injured when a truck driven by John P.
MacKinder jackknifed and struck her vehicle. Fidler brought
suit against MacKinder, Allied Supermarkets, Inc., and C. C.
Leasing Corporation in Oakland Circuit Court to recover none-
conomic losses for serious impairment of a body function aris-
ing out of the ownership and use of a motor vehicle. The jury
returned a verdict of no cause of action and judgment was
entered, Alice L. Gilbert, J. Plaintiff's motion for a new trial
was denied. Plaintiff appeals. *Held:*

1. The trial court properly denied plaintiff's request for a
ruling that plaintiff's injury constituted serious impairment of
body function as a matter of law.

2. The trial court did not err in denying plaintiff's motion for
a directed verdict on the negligence issue.

3. There was sufficient evidence to justify the giving of a jury
instruction on the sudden emergency doctrine. Furthermore,
plaintiff's failure to object to the instruction at trial, in the
absence of manifest injustice, precludes appellate review of the
propriety of the instruction.

4. Failure of the trial court to give the exact jury instructions
plaintiff requested was not reversible error. The instructions
given conveyed the essence of the instructions requested by
plaintiff.

Affirmed.

1. MOTIONS AND ORDERS — DIRECTED VERDICT.

The proper test for determining if a motion for a directed verdict
should be granted is whether reasonable men could reach a
different conclusion from the facts viewed in a light most
favorable to the party opposing the motion.

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 469.
[2, 4] 7 Am Jur 2d, Automobile Insurance § 349.
[3] 57 Am Jur 2d, Negligence §§ 6, 9.

2. INSURANCE — NO-FAULT INSURANCE — MOTOR VEHICLES — TORT DAMAGES.

   A plaintiff must establish that injuries suffered resulted in serious impairment of body function, permanent serious disfigurement, or death in order to recover damages in tort for injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle (MCL 500.3135[1]; MSA 24.13135[1]).

3. NEGLIGENCE — SERIOUS IMPAIRMENT OF BODY FUNCTION — QUESTION OF FACT — QUESTION OF LAW.

   The "serious impairment of body function" issue ordinarily is a question of fact that is within the exclusive province of the trier of fact and should be determined by the trial court as a matter of law only where the injury falls squarely on either end of the spectrum.

4. INSURANCE — NO-FAULT INSURANCE — AUTOMOBILES — SERIOUS IMPAIRMENT OF BODY FUNCTION — QUESTION OF FACT — QUESTION OF LAW.

   The question of whether a particular impairment satisfied the threshold requirement of the automobile no-fault act for serious impairment of body function is not always a question for the trier of fact; in certain situations, the nature and extent of the plaintiff's injury is so clear that the trial court may properly rule as a matter of law that the plaintiff's injury either meets or fails to meet the minimum threshold requirements contemplated by the statute.

*Goldstein, Meklir, Schreier, Nolish & Friedman, P.C.* (by *Sherwin Schreier* and *Kenneth A. Stern),* for plaintiff.

*Bogues, O'Donnell & Petteys,* for defendants.

Before: R. M. MAHER, P.J., and ALLEN and CYNAR, JJ.

PER CURIAM. Plaintiff commenced this action to recover noneconomic losses for serious impairment of body function arising out of the ownership and use of a motor vehicle, MCL 500.3135; MSA 24.13135. After a jury returned a verdict of no cause of action, plaintiff filed a motion for a new

trial. The trial court denied the motion, and plaintiff appeals as of right.

Plaintiff raises three issues on appeal. First of all, plaintiff contends that the trial court committed error requiring reversal by refusing plaintiff's request to make a finding that plaintiff's injuries constituted, as a matter of law, a "serious impairment of body function" under the Michigan no-fault act.

The proper test for determining if a motion for a directed verdict should be granted is whether reasonable men could reach a different conclusion from the facts viewed in a light most favorable to the party opposing the motion. *Armstrong v Le-Blanc*, 395 Mich 526, 532; 236 NW2d 419 (1975), *Kroll v Katz*, 374 Mich 364; 132 NW2d 27 (1965).

In order to recover damages in tort for injuries arising out of the ownership, operation, maintenance, or use of a motor vehicle, a plaintiff must establish that the injuries resulted in serious impairment of body function, permanent serious disfigurement, or death. MCL 500.3135(1); MSA 24.13135(1).

Ordinarily, the "serious impairment of body function" issue is a question of fact that is within the exclusive province of the trier of fact, and should be determined by the trial court as a matter of law only where the injury falls squarely on either end of the spectrum. *Cassidy v McGovern*, 98 Mich App 100, 103; 296 NW2d 200 (1980) (M. F. CAVANAGH, P.J., *concurring*). In certain situations, the nature and extent of the plaintiff's injury is so clear that the trial court may properly rule as a matter of law that the plaintiff's injury either meets or fails to meet the minimum threshold requirements contemplated by the statute. *Brooks v Reed*, 93 Mich App 166; 286 NW2d

81 (1979), *Harris v McVickers,* 88 Mich App 508; 276 NW2d 629 (1979).

At trial, plaintiff presented voluminous medical testimony. One doctor unequivocally testified that plaintiff had suffered a serious impairment of body function and was totally and permanently disabled. Two other physicians testified that plaintiff had been disabled at the time they examined her. In addition, a private vocational rehabilitation counselor testified that it was extremely unlikely that plaintiff could ever return to the competitive work force.

Despite the abundant testimony presented by plaintiff with respect to her medical status, the evidence of "serious impairment" was not sufficiently overwhelming to compel the conclusion that plaintiff's injuries met the threshold requirements of the statute. Defendants presented testimony, from plaintiff's doctor for the last ten years, which was contradictory to plaintiff's testimony in many respects. Moreover, defendants presented damaging evidence that plaintiff's injuries had been contrived for the purpose of collecting a large award of damages. We find that the trial court properly denied plaintiff's request for a ruling that plaintiff's injury constituted "serious impairment of body function" as a matter of law.

Plaintiff also contends that the trial court erred in denying her motion for a directed verdict on the negligence issue. Although our review of the evidence convinces us that the defendant driver may well have been negligent, we also believe that a reasonable jury could conclude that the driver was not negligent. Plaintiff was injured when a truck driven by the defendant truck driver jackknifed and struck plaintiff's vehicle. Although this is sufficient evidence to support a finding that the driver was negligent, there was other testimony

tending to show that the accident occurred as a result of brake failure. In addition, a reasonable jury could have concluded that the driver conformed to the standard of care of a reasonably prudent man confronted with a sudden emergency. Even though the driver may have been able to avoid the collision by another course of conduct, his conduct was not negligent if a reasonably prudent person might have taken the same course. See *Moskalik v Dunn,* 392 Mich 583, 591; 221 NW2d 313 (1974). The trial court did not err in denying plaintiff's motion for a directed verdict on the negligence issue.

Plaintiff also contends that the trial court erred in its instructions to the jury. First of all, plaintiff insists that the court below erroneously instructed the jury on the sudden emergency doctrine. We find that there was sufficient evidence to justify such an instruction; however, in any event, plaintiff failed to object to the instruction at trial. Hence, appellate review of its propriety is precluded absent manifest injustice; we find no such manifest injustice. *Cassidy v McGovern,* 86 Mich App 321; 272 NW2d 644 (1978).

Plaintiff also challenges the trial court's failure to give certain instructions very similar to instructions expressly approved by this Court in *McNabb v Green Real Estate Co,* 62 Mich App 500; 233 NW2d 811 (1975), and *Richman v City of Berkley,* 84 Mich App 258; 269 NW2d 555 (1978). We have carefully reviewed the instructions given by the trial court and have concluded that those instructions conveyed the essence of the instructions requested by plaintiff. Therefore, failure to give the exact instructions plaintiff requested was not reversible error.

Affirmed.